**UNITED STATES of America**

v.

**Joseph PHILLIPS, Appellant.**

**No. 18879.**

United States Court of Appeals,
Third Circuit.

Argued July 14, 1970.

Decided Aug. 27, 1970.

Rehearing Denied Sept. 30, 1970.

---

Nolan N. Atkinson, Zack & Myers, Philadelphia, Pa., for appellant.

Louis C. Bechtle, U. S. Atty., Thomas J. McBride, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before McLAUGHLIN, ALDISERT and ADAMS, Circuit Judges.

## OPINION

ADAMS, Circuit Judge.

This case arises from an order of the District Court for the Eastern District of Pennsylvania denying appellant's motion to dismiss an indictment on the ground that prosecution would violate appellant's right under the Fifth Amendment to the Constitution not to be placed twice in jeopardy for the same offense.

Appellant, Joseph Phillips, was indicted on two counts for the sale of stolen motor vehicles transported in interstate commerce, 18 U.S.C. § 2313. At the close of the evidence, Phillips' motion for judgment of acquittal was granted as to count I, and count II was submitted to the jury. After the jury had deliberated four hours and forty-five minutes, Chief Judge John W. Lord, Jr. submitted the following question to the jury: "How soon will you be able to agree on a verdict?" The response reported by Judge Lord's law clerk was: "They had no idea when they would be able to reach a verdict".

Chief Judge Lord then proposed to dismiss the jury as unable to agree. Had he discharged the jury over the objection of appellant's attorney, we would be presented with a serious issue of double jeopardy. Cf. United States v. Perez, 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165 (1824); Downum v. United States, 372 U.S. 734, 736, 83 S.Ct. 1033, 10 L.Ed. 2d 100 (1963). But while counsel for both the appellant and the United States thought deliberation might conveniently continue until later in the day, neither objected to the court's proposal.

This Court has often described the standard to be applied when asked to review a matter where there has been no objection. In United States v. Lawson, 337 F.2d 800 (3rd Cir. 1964), Judge Forman said in a case questioning the closing argument of the prosecution:

"If counsel * * * believed his adversary committed prejudicial error * * *, he should have made this known to the court. Besides preserving the matter for appeal, he thereby would have afforded the trial court an opportunity to cure the error, if any, by rebuke, precautionary instruction to the jury, or some other action. Appellant, accordingly, has a difficult burden to sustain in attempting to show that the closing remarks of the Government so aroused religious prejudices as to be reversible error. To be successful, he must bring this prosecution within those 'exceptional cases where justice would require us to reverse even though defense counsel voiced no objection * * * at the time.'" 337 F.2d at 807.

See also Fed.R. Crim.P. 51, 52(b); United States v. Panepinto, 430 F.2d 613 (3rd Cir. 1970); United States v. Carter, 401 F.2d 748, 750 (3rd Cir. 1968).

We cannot, however, place the error charged here in the exceptional category. The purpose of an objection in this case would have been to challenge the judgment of the trial court that irreconcilable disagreement was present. Without an objection, we have before us only the actions of an experienced trial judge who heard all the evidence, knew the com-

plexity or simplicity of the case, and decided further deliberation would be vain. To raise the issue now rather than at the trial is to leave the record so deficient as to make it impossible for us to say that the trial judge was incorrect.

In view of our disposition of the merits in this case, we need not reach the question whether appellate jurisdiction was properly invoked in this case.

The order of the District Court will be affirmed.