UNITED STATES of America,
Plaintiff,

v.

William KAZONIS et al., Defendants.

Crim. No. 74–238–S.

United States District Court,
D. Massachusetts.

March 24, 1975.

Martin Boudreau, Sp. Atty., Strike Force, Dept. of Justice, for plaintiff.

Morris M. Goldings, Joseph J. Balliro, Boston, Mass., Robert V. Mulkern, Worcester, Mass., Albert L. Hutton, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

SKINNER, District Judge.

The defendants have moved to dismiss the indictment on the ground that Special Attorney Joel Friedman, who pre-

sented this case to the Grand Jury, was not an authorized person. Mr. Friedman was appointed by Assistant Attorney General Henry Petersen, then Chief of the Criminal Division of the Department of Justice. The letter of appointment was in precisely the same form of the letter of appointment which was the subject of Judge Werker's opinion in United States v. Crispino, 392 F.Supp. 764 (S.D.N.Y., 1975), the subject of Judge Pollack's opinion in United States v. Brown, 389 F.Supp. 959 (S.D.N.Y., 1975), the subject of Judge Frankel's opinion in United States v. Jacobson (S.D.N.Y., March 3, 1975), and the subject of Judge Dooling's opinion in In re Jerry Langella (E.D.N.Y., February 27, 1975), except that Mr. Friedman's letter refers to the District of Massachusetts rather than the Eastern and Southern Districts of New York.

All of the above cited opinions reject the defendants' contention that the appointment of special attorneys by Mr. Petersen was invalid. The defendants rely on United States v. Crispino, however, for the proposition that the letter of appointment was not sufficiently specific within the meaning of 28 U.S.C. § 515(a). All of the other cases cited above reject the result reached in *Crispino,* and sustain the validity of an indictment returned in the same manner as in the present case. I adopt the views so ably set forth in those opinions, and seen no need to repeat them here.

 All of the cited opinions turn on a question of statutory construction. Even if Judge Werker is correct in his construction and application of 28 U.S.C. § 515(a) as expounded in *Crispino,* it does not necessarily follow that the indictment should be dismissed. It was a duly convened grand jury, after all, that returned the indictment, not Special Attorney Friedman. Not every collateral irregularity voids its return. May v. United States, 236 F. 495, 500 (8 Cir. 1916). Only such irregularities as infect the proceedings of the grand jury, or deprive the defendants of a funda-

mental right or violate the paramount policy of the United States (e. g., use of illegal wire-taps) should have that effect.

It is an accepted principle of the criminal law that the presence of an "unauthorized person" before a grand jury voids an indictment. This is not a mindless incantation, however, and relates to two extremely pragmatic considerations:

(1) that the proceedings be private,
(2) that witnesses and grand jurors sitting without the protection of a presiding justice be free from the risk of intimidation attendant upon the presence of numbers of prosecution witnesses, particularly police witnesses, in the grand jury.

Commonwealth v. Harris, 231 Mass. 584, 121 N.E. 409 (1919); Opinion of the Justices, 232 Mass. 601, 123 N.E. 100 (1919).

The Special Attorney took the same oath as do the United States Attorneys and their assistants. There is no reason to suppose that the integrity of the grand jury proceedings was not equally safe in his hands.

Historically, the prohibition against "unauthorized persons" has not focused on the prosecuting attorney at all. In England, the source of the rule, prosecutions were typically commenced by private individuals rather than the Crown. Such an individual was referred to as "the prosecutor." 1 Stephan, History of the Criminal Law in England, MacMillan and Co., 1883, 493–494. "The grand jury sit by themselves and hear the witnesses one at a time, no one else being present except *the solicitor for the prosecutor* if he is admitted." *Ibid,* p. 274. (Emphasis supplied). The tradition of the common law thus accommodated the presence in the grand jury of any lawyer chosen by the individual prosecutor for the purpose of presenting the evidence, without regard to his particular commission or authority. The presence of the Special Attorney is clear-

ly no violation of a fundamental rule but is in accord with an ancient tradition.

I would add the above considerations to those so ably stated by the judges of the Southern and Eastern Districts of New York in denying the motion to dismiss.

Accordingly, the motion to dismiss is denied.