**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jodene Lee CARNES,
Defendant-Appellant.**

**No. 79–1526.**

United States Court of Appeals,
Ninth Circuit.

April 30, 1980.

Jo Ann D. Diamos, Tucson, Ariz., for defendant-appellant.

Gerald S. Frank, Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before TANG, SCHROEDER and POOLE,* Circuit Judges.

POOLE, Circuit Judge.

In this appeal from the United States District Court for the District of Arizona, appellant challenges the trial court's orders denying motions for judgment of acquittal and to dismiss an indictment and its denial of a motion to strike certain testimony in a criminal proceeding.

Appellant was indicted in the District of Arizona on May 15, 1979, on three counts of knowingly and intentionally transporting illegal aliens within the United States, in violation of 8 U.S.C. § 1324(a)(2). On June 27, 1979, a jury trial was held. When the Government rested, appellant moved to strike the testimony of three Spanish-

---

* Honorable Cecil F. Poole was United States District Judge for the Northern District of California, sitting by designation, at the time this matter was argued.

speaking witnesses (Gil-Arteaga, Ruiz-Vargas and Lopez-Silva) who were named in the indictment as transported aliens, and moved under Rule 29, F.R.Cr.P. for judgment of acquittal because of insufficient evidence. The court denied both motions. The jury failed to reach a verdict, and a mistrial was declared. Following an extension granted by the Court on June 29, appellant filed a renewed motion for judgment of acquittal and, in the alternative, to dismiss the indictment. She contended that there was insufficient evidence to connect her with the three Spanish-speaking witnesses alleged to have been transported, and that the government had failed to prove that it was she who transported the persons named in the indictment. The court denied the renewed motion, ruling that the evidence, though in part circumstantial, was "clearly sufficient" to have supported a verdict of guilty. On this appeal, appellant reiterates the arguments made below and claims error in the court's denial of her motions.

Because we determine that the trial court's rulings are not final orders immediately appealable under 28 U.S.C. § 1291, we find it unnecessary to reach the merits of appellant's contentions and remand for lack of jurisdiction. Section 1291 provides: "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291.

In general, a judgment or "decision" is "final" for the purpose of appeal only "when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined." *Parr v. United States*, 351 U.S. 513, 518, 76 S.Ct. 912, 916, 100 L.Ed. 1377, 1383 (1956). In a criminal case, this means the sentence. *Id.* The policy against piecemeal appeals is especially strong in criminal proceedings. *Di Bella v. United States*, 369 U.S. 121, 126, 82 S.Ct. 654, 658, 7 L.Ed.2d 614 (1962).

Appellant seeks to avoid the final judgment rule by invoking the "collateral order" exception of *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), and *United States v. Ajimura*, 598 F.2d 510 (9th Cir. 1979). But the holding of *Abney* is clear, specific and limited: pretrial orders rejecting claims of *former jeopardy* constitute "final decisions" and thus satisfy the jurisdictional prerequisites of Section 1291. 431 U.S. at 662, 97 S.Ct. at 2042, 52 L.Ed.2d at 662. *Abney* is within the "small class of cases" exempted from the final judgment rule under the "collateral order" exception first announced in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). 431 U.S. at 659, 97 S.Ct. at 2040, 52 L.Ed.2d at 659–60. The Supreme Court was careful to note in *Abney*:

> "Our conclusion that a defendant may seek immediate appellate review of a district court's rejection of his double jeopardy claim is based on the special considerations permeating claims of that nature which justify a departure from the normal rule of finality. Quite obviously, such considerations do not extend beyond the claim of former jeopardy . . . ."

431 U.S. at 663, 97 S.Ct. at 2042, 52 L.Ed.2d at 662.[1] *Ajimura, supra*, also involved only a denial of a double jeopardy claim.

This appeal does not involve the rejection of a double jeopardy claim, but simply refusal to grant a renewed motion for judgment of acquittal or dismissal and the setting of a second trial after a jury had failed to reach a verdict. This could not properly raise double jeopardy as a ground. A retrial after a jury disagreement does not normally give rise to a double jeopardy claim. *United States v. Perez*, 22 U.S. (9

---

1. Since *Abney*, the Court has refused to extend the exception to pretrial motions to dismiss on speedy trial grounds. *United States v. MacDonald,* 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978). The exception has been extended to a motion to dismiss based on the immunity provided to members of Congress by the Speech or Debate Clause, *Helstoski v. Meanor*, 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30, but the considerations present there are obviously inapplicable to appellant.

Wheat.) 579, 6 L.Ed. 165 (1824); *United States v. Lorenzo*, 570 F.2d 294, 298–99 (9th Cir. 1978); *Arnold v. McCarthy*, 566 F.2d 1377, 1386 (9th Cir. 1978). Unless the trial judge has abused his discretion in declaring the mistrial, a mistrial because of inability to reach a verdict will not bar a second trial. *Arnold v. McCarthy, id.* Appellant does not contend that the trial judge was unwarranted in concluding that the jury was unable to reach a verdict here. Appellant thus has made no colorable double jeopardy claim.[2] See *United States v. Solano*, 605 F.2d 1141, 1143 (9th Cir. 1979). Nor do the rulings otherwise fall within the collateral-order exception of *Cohen* and *Abney* or within any other special circumstances warranting an exception to the finality rule. See *Abney*, 431 U.S. at 658–63, 97 S.Ct. at 2039–42, 52 L.Ed.2d at 659–62.

 Here the general rule limiting appeals to final orders applies. A denial of a motion for acquittal is not a final, appealable decision even when made after a hung jury mistrial. *United States v. Young*, 544 F.2d 415, 416 (9th Cir. 1976), *cert. denied*, 429 U.S. 1024, 97 S.Ct. 643, 50 L.Ed.2d 626 (1976); *United States v. Carey*, 475 F.2d 1019, 1021 (9th Cir. 1973); 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3918 at 653 (1976 & Supp. 1979). Similarly, denial of a motion to dismiss an indictment is not a final order when the motion is not made on colorable grounds of double jeopardy. *United States v. Young*, 544 F.2d at 416; *United States v. Lansdown*, 460 F.2d 164, 170 (4th Cir. 1972); *Federal Practice and Procedure, supra*, § 3918 at 640–41. The denial of appellant's motion to strike testimony falls within the general rule that denials of motions to suppress evidence made after an indictment is returned are not final, appealable orders.

See *Cogen v. United States*, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275 (1929); *Federal Practice and Procedure, supra*, § 3918 at 642.

Accordingly, we hold that the appeal must be dismissed for lack of jurisdiction.

**2.** Appellant has cited *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) as additional authority for her position. That case held that an accused may not be subjected to a second trial when a conviction in a prior trial is reversed by an appellate court solely for lack of sufficient evidence to sustain the jury's verdict. *Burks* involved appellate review of a final judgment of conviction, at which time the appellate court may consider the propriety of the deci-

sion of the trial court on the Rule 29 motion for judgment of acquittal. In a *decision rendered* on the same day as *Burks*, the Supreme Court again affirmed the proposition that a second trial is not barred where there is "manifest necessity" for the discharge of the first jury. *Crist v. Bretz*, 437 U.S. 28, 34, 98 S.Ct. 2156, 2160, 57 L.Ed.2d 24 (1978); *Arnold v. McCarthy, supra*.