UNITED STATES of America, Appellee,

v.

Claude ELLIS, Appellant, (Two Cases).

Nos. 80–5069, 80–5133.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 6, 1981.

Decided April 8, 1981.

Rebecca A. Baitty, Charleston, W. Va. (Rudolph L. Di Trapano, Charleston, W. Va. (Di Trapano, Jackson & Buffa, L.C., Charleston, W. Va., on brief), for appellant.

Rebecca A. Betts, Asst. U. S. Atty. (Robert B. King, U. S. Atty., Edwin B. Wiley, Asst. U. S. Atty., Charleston, W. Va., on brief), for appellee.

Before RUSSELL, MURNAGHAN and ERVIN, Circuit Judges.

ERVIN, Circuit Judge:

In these consolidated cases, Claude Ellis appeals the district court's denials of motions to dismiss for double jeopardy, made after each of two trials which ended in mistrials. We find that the district court's orders are interlocutory and are not appealable as exceptions to the final order rule of 28 U.S.C. § 1291.[1] We therefore have no cause to reach the merits of the case, which would require an assessment of the sufficiency of the evidence presented at each trial, and dismiss the appeals.

### I.

In August 1979, Claude Ellis and Robert Belcher were indicted in connection with a payoff scheme arising out of their "bonding business" in West Virginia. Ellis was charged in three of the five counts of the indictment. The defendants were tried together in October 1979, but a mistrial was declared, without objection by either side, after the jury became hopelessly deadlocked. Prior to the second trial, Ellis re-quested and was granted a severance, and his retrial was set for February 1980; this trial was rescheduled twice for good cause.

On March 24, 1980, the trial was set for April 28, 1980 at 9:30 a. m. On the morning of April 28, Ellis moved for dismissal on the ground of double jeopardy; the motion was denied. Ellis' motion for stay of trial pending appeal to the Fourth Circuit was denied, but the district court gave Ellis a day in which to petition any circuit judge for a stay. On April 29, Judge Sprouse denied Ellis' motion for a stay, but noted that he was without jurisdiction to void an appeal that had been noticed of record. The district court then decided that it nonetheless had jurisdiction to proceed with trial pending appeal; its decision was based on a finding that Ellis' double jeopardy argument was frivolous and was strengthened by the lateness of the motion. The case accordingly proceeded to trial on April 29, the jury declared itself hopelessly deadlocked, and a second mistrial was declared, again without objection by either side.

At the request of the government, a third trial was scheduled to begin on June 30, 1980. On June 6, Ellis again filed a motion to dismiss on the ground that the evidence presented at the second trial was insufficient to sustain a conviction and that retrial would therefore place him in double jeopardy. The district court denied the motion, Ellis noticed an appeal, and the court stayed the third trial pending appeal.

### II.

■ As a general rule, the denial of a motion to dismiss is not a final order and is therefore not appealable under 28 U.S.C. § 1291. *See* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3918, at 640 (1976). The Supreme Court in *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), however, permitted appeal to lie from denial of a motion to dismiss based on a claim of double jeopardy; the Court reasoned that such a denial is a collateral order within the

---

1. 28 U.S.C. § 1291 provides in pertinent part that "[t]he courts of appeal shall have jurisdic-tion of appeals from all final decisions of the district courts of the United States, . . . ."

meaning of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949),[2] and is therefore "final" for purposes of section 1291:[3]

> [t]he very nature of a double jeopardy claim is such that it is collateral to, and separable from, the principal issue at the accused's impending criminal trial, i. e., whether or not [he] is guilty of the offense charged.... [Abney] makes no challenge whatsoever to the merits of the charge against him. Nor does he seek suppression of evidence .... Rather, he is contesting the very authority of the Government to hale him into court to face trial on the charge against him. [citations]. The elements of that claim are completely independent of his guilt or innocence. 431 U.S. at 659–60, 97 S.Ct. at 2040.

Recognizing, however, that appealability might encourage assertion and appeal of double jeopardy issues as a means of obtaining review of rulings that would not otherwise be appealable, the *Abney* Court imposed a requirement that the scope of appeal not extend to non-collateral rulings. Because of this requirement, review could be had of Abney's double jeopardy claim, but not of his sufficiency of the indictment claim.

In an effort to bring his case within the scope of *Abney*, Ellis has attempted to frame a completely non-collateral issue—the sufficiency of the evidence to convict him (as he has yet to be convicted, this goes directly to the merits of his case)—in terms of double jeopardy. He argues that retrial

after mistrials would violate the double jeopardy prohibition if insufficient evidence for conviction had been introduced at the prior trial. In essence, he seeks to have an appellate court decide his guilt or innocence and to perform a function properly left to the trial judge, that is, determining the sufficiency of the evidence to send the case to the jury. Merely because he has chosen to characterize the issue as one of double jeopardy, however, does not require this court to review it, for *Abney* limited review to colorable double jeopardy claims. Defendants cannot be allowed to delay trials and to dislocate the orderly procedure of the courts simply by raising frivolous claims of double jeopardy. *See, e. g., United States v. Dunbar*, 611 F.2d 985 (5th Cir. 1980) (en banc); *United States v. Leppo*, 641 F.2d 149 (3d Cir. 1980) (district court not divested of jurisdiction when defendant appeals denial of a double jeopardy motion if it finds the motion to be frivolous).

## III.

■ Close examination of this case reveals that Ellis has made no colorable double jeopardy claim, because the heart of his argument is no more than that retrial after mistrial will place him in double jeopardy. This argument was long ago found to be without merit when mistrial is declared for manifest necessity, as, for example, when a jury becomes hopelessly deadlocked. *See Wade v. Hunter*, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949); *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824); *Rogers v. United States*, 609 F.2d 1315 (9th

**2.** *Cohen* was a shareholders' derivative action in which the district court denied defendant's pretrial motion to require (pursuant to state law) that plaintiffs post security for costs. The court of appeals reversed and ordered that the bond be posted. The Supreme Court thereafter held that the court of appeals had jurisdiction to entertain the appeal: the test is whether, when final judgment comes, "it will be too late effectively to review the present order [so that] the rights conferred ... will have been lost, probably irreparably." 337 U.S. at 546, 69 S.Ct. at 1225.

**3.** Abney's convictions for both conspiracy and attempt to obstruct interstate commerce had

been reversed by the Third Circuit, which had ordered a new trial and had directed the government on remand to elect between the conspiracy and attempt charges. After the government elected to proceed on the conspiracy charge, Abney moved for dismissal on grounds that retrial would subject him to double jeopardy and that the indictment as modified failed to charge an offense. The district court denied the motion and Abney immediately appealed to the Third Circuit, which affirmed the denial without addressing the jurisdictional argument that the order was not a section 1291 "final decision."

Cir. 1979); *see also, United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); *United States v. Lansdown,* 460 F.2d 164 (4th Cir. 1972). It has nowhere been asserted in this case that the prior mistrials were not based on manifest necessity, or that the district court abused its discretion in declaring the mistrials. Indeed, Ellis' acquiescence in the mistrial declarations may undermine any double jeopardy arguments made upon retrial. *See United States v. Tateo,* 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964); *United States v. Phillips,* 431 F.2d 949 (3d Cir. 1970).

We have found no case in which a double jeopardy argument based on prior mistrials for manifest necessity alone, without prior convictions, has succeeded. All of the cases to which Ellis points us have involved double jeopardy arguments based either on prior convictions, *see, e. g., Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *United States v. Bodey,* 607 F.2d 265 (9th Cir. 1979); *United States v. United States Gypsum Co.,* 600 F.2d 414 (3d Cir. 1979); *United States v. Wilkinson,* 601 F.2d 791 (5th Cir. 1979); *see also, Hudson v. Louisiana,* —— U.S. ——, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), or an abuse of discretion in declaration of the mistrial. *See United States v. Lansdown,* 460 F.2d 164 (4th Cir. 1972).

The government, on the other hand, directs our attention to a case which we find on point and persuasive. In *United States v. Carnes,* 618 F.2d 68 (9 Cir.), *cert. denied,* 447 U.S. 929, 100 S.Ct. 3028, 65 L.Ed.2d 1124 (1980), the Ninth Circuit rejected a double jeopardy argument based on the denial of a motion to dismiss, after mistrial, for insufficiency of the evidence. The court found that the appeal was not based on a colorable double jeopardy claim, but rather on the trial court's refusal to grant a judgment acquittal or dismissal following mistrial because of a deadlocked jury:

> [t]his could not properly raise double jeopardy as a ground. A retrial after a jury disagreement does not normally give rise to a double jeopardy claim. [citations]. Unless the trial judge has abused

his discretion in declaring the mistrial, a mistrial because of inability to reach a verdict will not bar a second trial. 618 F.2d at 69–70.

The appeal was accordingly dismissed.

We agree with the Ninth Circuit that mistrial following a deadlocked jury does not give rise to a colorable claim of former jeopardy. That being the only ground for Ellis' claim, the denials of his motions to dismiss do not fall within the purview of the collateral order reasoning of *Abney.* Those orders hence are not final for purposes of 28 U.S.C. § 1291 and are not appealable.

Appeals dismissed.

*DISMISSED.*

MURNAGHAN, Circuit Judge, concurring:

The authorities support the conclusion Judge Ervin has reached. I find no fault whatever in what he has written. Nevertheless, I am concerned that the case not be taken to extend further than its facts require.

On the facts, it is by no means open and shut whether the evidence sufficed at each of the two trials to sustain a conviction. Purposely, I avoid drawing any conclusion. However, had the issue been reached, it is altogether possible that the double jeopardy issue would have been decided against Ellis on the merits. We obviously should not contemplate breaking new legal ground to allow an appeal at a stage in a case heretofore deemed not to be final and appealable where the result would be to leave Ellis worse off than he would be had he taken no appeal. A finding on the present appeal that there was no double jeopardy would altogether preclude his raising, in connection with the third trial, the defense that, the evidence at one or both of the prior trials having been insufficient to convict, he should have been acquitted and the third trial should be terminated on double jeopardy grounds. In view of the grounds upon which decision has been rested, Ellis is not so precluded. He may seek reconsideration in the lower court, and, of course, will be

free to raise the double jeopardy issue on appeal, in the event that the third trial results in a conviction.

At the same time, it is important to bear in mind that another case may well arise where the insufficiency of the evidence at the prior trial which ended in a hung jury is entirely manifest on the face of the record. If and when that day comes, I doubt that we should or would decline to rule on the double jeopardy question and, in the interests of preserving formality at the expense of substance, require the defendant to go through the ordeal of another trial, well knowing that any conviction would, on appeal, be reversed.

I have written as I have with some hesitation, knowing that some defendants will regard my words as an open invitation to take a premature appeal, although their cases by no means present the possible situation which I have mentioned of plain, evident insufficiency of evidence. As the result which we have reached in the present case indicates, however, appeals in such circumstances, *i. e.* prior to retrial, will not be successful. Nor should they materially succeed in achieving delay, for the absence of a crystal clear case will be readily ascertainable and any cases may be summarily disposed of. Furthermore, the courts will not be precluded from applying appropriate sanctions in cases of frivolous appeals. *Cf. Abney v. United States*, 431 U.S. 651, 662, fn. 8, 97 S.Ct. 2034, 2042, fn. 8, 52 L.Ed.2d 651 (1977): "It is well within the supervisory powers of the courts of appeals to establish summary procedures and calendars to weed out frivolous claims of former jeopardy."