UNITED STATES of America, Appellee,

v.

Marshall MECHANIK, a/k/a Michael Patrick Flanagan, Appellant.

UNITED STATES of America, Appellee,

v.

Shahbaz Shane ZARINTASH, Appellant.

UNITED STATES of America, Appellee,

v.

Jerome Otto LILL, Steven Henry Riddle, Appellants.

UNITED STATES of America, Appellee,

v.

Mark Douglas CHADWICK, Appellant.

Nos. 80–5166 to 80–5169.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 9, 1984.

Decided May 16, 1984.

Herald Price Fahringer, New York City, Diarmuid White, student; Richard Chosid, Bloomfield Hills, Mich. (Lipsitz, Green, Fahringer, Roll, Schuller & James; Michael B. Pollack, New York City; Edwin F. Kagin, Louisville, Ky., Michael Graves, Hall, Estill, Hardwick, Gable, Collingsworth & Nelson, Washington, D.C., on brief), for appellants in 80–5166, 80–5167 and 80–5168.

W. Dale Greene, Charleston, W.Va., for appellant in 80–5169.

David A. Faber, U.S. Atty., Charleston, W.Va. (Marye L. Wright, Asst. U.S. Atty., Charleston, W.Va., on brief), for appellee.

Before WINTER, Chief Judge, HALL, Circuit Judge, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

Steven H. Riddle, Shahbaz S. Zarintash, Jerome O. Lill, and Marshall Mechanik, convicted of drug related offenses, assign as principal error the district court's denial of their motion to dismiss the indictment because the prosecutor violated Federal Rule of Criminal Procedure 6(d).[1] Mark D. Chadwick, charged with conspiracy, appeals the district court's denial of a judgment of acquittal after the jury was unable to reach a verdict.

Because two witnesses testified simultaneously before the grand jury in violation of rule 6(d), we conclude that count 1, charging conspiracy, should have been dismissed. Counts 2, 4, and 10, charging substantive offenses, were not tainted by this impropriety and need not be dismissed.[2] We find no cause for reversal in the other assignments of error.

I

This prosecution arose out of the crash of an aircraft carrying approximately 10 tons of marijuana at an airport near Charleston, West Virginia. The same grand jury returned two indictments.[3] The first was returned a week after the plane crashed. There was no irregularity in the grand jury proceedings that led to the return of this indictment.

The investigation continued, and drug enforcement agents gathered additional evidence. For this reason, the prosecutor drew a superseding indictment for consideration by the grand jury. In support of the superseding indictment, the prosecutor presented two agents who were sworn and questioned together. The transcript discloses that they alternated in their testimony, occasionally supplementing each other's answers. Each was not simply a passive auditor of the other's examination. The appellants were tried on the superseding indictment.[4]

The principal difference between the indictments with respect to the appellants was count 1 charging conspiracy. The superseding indictment alleged the commission of additional overt acts by the appellants. These additional allegations were the subject of the agents' joint testimony.

It is especially significant to note that the two indictments were returned by the same grand jury. The court's review of the attendance and voting records of that grand jury reveals that each of these indictments was returned by a unanimous vote. A nucleus of the same seventeen grand jurors voted for each indictment. In addition, one other grand juror voted for the first indictment but did not vote on the second, while two others voted for the second indictment but did not vote on the first.

1. Riddle and Zarintash were convicted of conspiring to commit offenses involving marijuana (count 1). Lill was convicted of conspiracy (count 1), importing marijuana (count 2), and possession with intent to distribute marijuana (count 4). Mechanik was convicted of conspiracy (count 1) and traveling in interstate commerce to carry on an illegal business enterprise (count 10).

2. The district court's opinion, *United States v. Lill,* 511 F.Supp. 50 (S.D.W.Va.1980), recounts in meticulous detail all proceedings pertinent to the issue involving rule 6(d), making it unnecessary for us to advert to much of the record.

3. The district court found, 511 F.Supp. at 58–59:

4. Other persons were also named as defendants. Some pled guilty, some were acquitted, and one is a fugitive.

Counts 2, 4, and 10 were identical to their counterparts in the original indictments except for immaterial changes and numbering.

Unsuccessful in obtaining grand jury transcripts before trial, the appellants were unaware of the agents' joint appearance until one of them testified at the trial. Then, pursuant to 18 U.S.C. § 3500 (Jencks Act), the prosecutor furnished a partial transcript that disclosed this incident. The district court initially denied a motion to dismiss the indictment, but later, on resubmission, it took the motion under advisement and proceeded with the trial.[5]

After the jury returned its verdict, the district court denied the motion to dismiss. It ruled that the joint appearance of the agents violated rule 6(d). It concluded, however, that the appellants had failed to show prejudice primarily because other testimony corroborated the overt acts added to the superseding indictment.

## II

■ Rule 6(d) provides that only "[a]ttorneys for the government, the witness under examination, interpreters ... and ... a stenographer or operator of a recording device may be present while the grand jury is in session ...." The rule is designed, in part, to insure that grand jurors, sitting without the direct supervision of a judge, are not subject to undue influence that may come with the presence of an unauthorized person. *See United States v. Echols*, 542 F.2d 948, 951 (5th Cir.1976); *United States v. Kazonis*, 391 F.Supp. 804, 805 (D.Mass. 1975), *aff'd without opinion*, 530 F.2d 962 (1st Cir.1976).[6]

■ There is no doubt that, as the district court found, the simultaneous testimo-

ny of two agents constituted a violation of rule 6(d). The rule refers to "the witness" in the singular, in contrast to "[a]ttorneys for the government." This language was deliberate and consistent with traditional practice. *United States v. Carper*, 116 F.Supp. 817, 819–20 (D.D.C.1953). Indeed, courts consistently have held that the presence of one witness during the testimony of another witness at grand jury proceedings taints an indictment. *See, e.g., United States v. Treadway*, 445 F.Supp. 959, 962 (N.D.Tex.1978); *United States v. Bowdach*, 324 F.Supp. 123, 124 (S.D.Fla.1971); *United States v. Edgerton*, 80 F. 374, 375 (D.Mont.1897). The government cites no case to the contrary. Consequently, each agent was an unauthorized person at the grand jury sessions any time the other agent was testifying.

■ We reject the argument that defendants must show that a rule 6(d) violation prejudiced them before an indictment may be dismissed. Rule 6(d) is plain and unequivocal in limiting who may appear before a grand jury. Requiring a defendant to show prejudice would impose a difficult burden that could undermine the protection that the rule provides. *Carper*, 116 F.Supp. at 820. Indeed, most federal courts considering the matter have agreed that a showing of prejudice is not necessary to dismiss an indictment because of a rule 6(d) violation. *See, e.g., Echols*, 542 F.2d at 951; *United States v. Phillips Petroleum Co.*, 435 F.Supp. 610, 618 (N.D. Okl.1977); *United States v. Borys*, 169 F.Supp. 366, 367–68 (D. Alaska 1959).

Our decision in *United States v. Computer Sciences Corp.*, 689 F.2d 1181 (4th Cir.1982), does not depart from this line of

---

5. Judge Knapp initially denied the motion. After he became ill, Judge Copenhaver presided pursuant to Fed.R.Crim.P. 25(a).

6. In *Kazonis*, 391 F.Supp. at 805, the court succinctly stated the controlling precept and its reasons:

> It is an accepted principle of the criminal law that the presence of an "unauthorized person" before a grand jury voids an indictment. This is not a mindless incantation,

however, and relates to two extremely pragmatic considerations:

> (1) that the proceedings be private,
>
> (2) that witnesses and grand jurors sitting without the protection of a presiding justice be free from the risk of intimidation attendant upon the presence of numbers of prosecution witnesses, particularly police witnesses, in the grand jury.

cases. *Computer Sciences* reversed the district court's dismissal of an indictment by a grand jury that was interrupted five times. Each intrusion lasted no more than a minute or two and brought the proceedings to an abrupt halt. We held that such "technical, trivial, harmless violations of no significant duration" did not nullify the jury's work.[7] Other courts also have held that dismissal is not warranted when the grand jury proceedings were halted during brief, inadvertent intrusions of unauthorized persons. *See United States v. Kahan & Lessin Co.*, 695 F.2d 1122, 1124 (9th Cir.1982) (citing *Computer Sciences*); *United States v. Rath*, 406 F.2d 757, 757 (6th Cir.1969).

■ In this case, by contrast, the proceedings continued in the presence of an unauthorized person. The agents, alternating their testimony before the grand jury, referred to themselves as the collective "we," backed up each other in the description of incriminating evidence, and supplemented each other's presentation. This joint effort could have added to each agent's credibility and could have had an undue influence on the grand jurors' decision to return the superseding indictment, especially where both witnesses were government officials. *See United States v. Daneals*, 370 F.Supp. 1289, 1296 (W.D.N.Y. 1974); *Bowdach*, 324 F.Supp. at 124.

In sum, we conclude that the joint appearance of the agents was a violation of rule 6(d). Because the proceedings were not halted when both were in the grand jury room, the indictment is invalid. "No showing of prejudice is required to quash an indictment secured with the presence of unauthorized persons in the grand jury room." *Echols*, 542 F.2d at 951.

---

7. Nevertheless, we added, 689 F.2d at 1186:

> We should not be understood as commending the practice here. With the exception of the maintenance man, all of the intruders were apparently under the control of the prosecutors, who were obviously not diligent in keeping the sanctity of the grand jury room inviolate. Prosecutors should not consider what we have written as in any way amount-ing to an encouragement to depart from scrupulous compliance with Fed.R.Crim.P. 6(d). Having been fortunate enough to survive the attack here by the skin of their teeth on the basis of the record as a whole, they cannot count with any assurance on a similar conclusion on another record involving unauthorized grand jury room intrusions.

## III

■ This case, involving a superseding indictment, presents a unique situation. Counts 2, 4, and 10 were returned in the initial indictment under different numbers by the same grand jury after proceedings that were properly conducted. The superseding indictment simply incorporated these counts in virtually the identical form in which they appeared in the initial indictment. Unlike the conspiracy count, there was a valid basis for the charges they set forth that was independent of the unauthorized joint appearance of the agents. Consequently, the invocation of a per se rule of invalidity is inappropriate for counts 2, 4, and 10.

Probable cause was found for the offenses charged in counts 2, 4, and 10 by the grand jury when it returned the initial indictment, which was not tainted by a violation of rule 6(d). Incorporation of these counts in the superseding indictment did not make them any less valid. Consequently, we conclude that the district court did not err by refusing to dismiss these counts.

## IV

■ Three other assignments of error require but brief comment. The district court did not err by admitting into evidence a ground-to-air radio that the police seized from the cab of a truck they were chasing. The police had probable cause to stop the truck and arrest its driver for several violations of traffic laws. Probable cause to arrest authorized the police to search the passenger compartment. *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981). Formal arrest need not have preceded the search. *Rawlings v. Kentucky*, 448 U.S. 98, 111, 100 S.Ct. 2556,

2564, 65 L.Ed.2d 633 (1980). Additionally, the search was permissible because the police had a reasonable belief based on specific facts that the occupants were dangerous. *Michigan v. Long,* —— U.S. ——, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983).

■ The district court properly admitted Chadwick's postconspiracy statement to his sister and his sister's grand jury testimony. The court properly instructed the jury that this evidence was admitted only against Chadwick. Because the statement did not specifically identify the other appellants, its admission did not violate the principles explained in *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). *Cf. United States v. Seni,* 662 F.2d 277, 282 (4th Cir.1981).

■ The district court's denial of Chadwick's motion for a judgment of acquittal is not an appealable order. *United States v. Ellis,* 646 F.2d 132 (4th Cir.1981); *United States v. Carnes,* 618 F.2d 68 (9th Cir. 1980). Chadwick's reliance on the concurring opinion in *Ellis* is misplaced, for the evidence amply sufficed to warrant denial of the motion.

## V

We find no merit in the appellants' other assignments of error. The conspiracy convictions of appellants Lill, Zarintash, Mechanik, and Riddle are reversed because of the violation of rule 6(d). On remand, the district court should dismiss count 1 of the superseding indictment. In all other respects, the judgment is affirmed.

No. 80–5166 (Mechanik): Count 1 reversed; count 10 affirmed.

No. 80–5167 (Zarintash): Count 1 reversed.

No. 80–5168 (Lill): Count 1 reversed; counts 2 and 4 affirmed.

No. 80–5168 (Riddle): Count 1 reversed.

No. 80–5169 (Chadwick): Appeal dismissed for lack of jurisdiction.

K.K. HALL, Circuit Judge, concurring in part and dissenting in part:

I concur in all aspects of the majority's opinion except for its holding that the violation of Federal Rule of Criminal Procedure 6(d) was of such magnitude as to compel the dismissal of appellants' convictions for conspiracy. In my view, the majority has misconstrued the applicable law in evaluating this issue. Thus, because I would affirm the conspiracy convictions, I must dissent in part.

In *United States v. Computer Sciences Corp.,* 689 F.2d 1181 (4th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983), this Court held that five brief intrusions by unauthorized persons during a grand jury investigation did not require dismissal of the indictment stemming from those proceedings. In reaching this conclusion, we emphasized that when evaluating alleged violations of Rule 6(d) "each situation should be addressed on a *sui generis* basis." *Id.* at 1185. Applying this rule to the facts of that case, we found that *Computer Sciences* was "a case '*absent demonstrable prejudice* or substantial threat thereof' so that 'dismissal of the indictment [was] inappropriate.'" *Ibid.* (quoting *United States v. Morrison,* 449 U.S. 361, 365, 101 S.Ct. 665, 668, 66 L.Ed.2d 564 (1981)) (emphasis added).[1]

In a carefully reasoned opinion, the district judge in the instant case followed the guidelines enunciated in *Computer Sciences.* Judging the case on its own peculiar facts and merits, he found that although a violation of Rule 6(d) had occurred when the government agents testified jointly before the grand jury, it had not been of such magnitude as to require dismissal of the indictments for conspiracy. Following this Court's lead in *Computer Sciences,* the district judge placed considerable emphasis on the question of whether

1. The Court later reiterated this point by stating that "The case before us, in short, is one where there has been no ... prejudice to the defendant." 689 F.2d at 1185.

appellants suffered demonstrable prejudice.[2]

Judge Copenhaver made a detailed analysis of the possible prejudicial impact of the Rule 6(d) violation on appellants' conspiracy indictments. It is true that appellants were tried on the superseding indictment and that several alterations and additions had been made in that indictment with respect to the conspiracy count. After carefully evaluating these changes, Judge Copenhaver found that each such alteration or addition was "either supported by testimony apart from the [agents'] joint testimony or became moot by virtue of the acquittal of [codefendants] Kook and James Chadwick."[3] Pursuant to this analysis, he concluded that the possibility of prejudice existed only "in the sense that all things are possible," and that "the existence of actual prejudice is so utterly remote [as to] appropriately be disregarded."[4] Indeed, even on appeal appellants have been unable to advance any basis for a claim of prejudice.

The majority, citing case law from other circuits for the proposition that no showing of prejudice is required to quash an indictment in violation of Rule 6(d),[5] reverses the district judge's decision on the conspiracy count without considering any of the aforementioned factual findings. In so doing, it has, in effect, tried to establish the very *per se* rule which this Court rejected in *Computer Sciences.* The majority has ignored the guidelines enunciated in *Computer Sciences* requiring the district judge to evaluate such cases "on a *sui generis* basis." In my view, the majority is bound by *Computer Sciences* and may not rely on the case law of other circuits to reverse appellants' convictions. Such a decision is particularly undesirable here, where the part of the superseding indictment found to

be bad closely tracked the charging portion of the original indictment and in no way surprised or prejudiced the defendants.

For the foregoing reasons, I would affirm appellants' conspiracy convictions as well as their convictions on the substantive counts.

---

**2.** The district judge also considered relevant case law, legislative history, and policy considerations in making his decision.

**3.** *United States v. Lill,* 511 F.Supp. 50, 59 (S.D. W.Va.1980).

**4.** *Id.* at 61.

**5.** *See United States v. Echols,* 542 F.2d 948 (5th Cir.1976); *United States v. Phillips Petroleum Co.,* 435 F.Supp. 610 (N.D.Okl.1977); *United States v. Borys,* 169 F.Supp. 366 (D. Alaska 1959).