**UNITED STATES of America, Plaintiff,**

v.

**Donald A. BUSCH and Mitchell H. Busch, Defendants.**

**No. 92 CR 20012.**

United States District Court, N.D. Illinois, W.D.

July 6, 1992.

James R. Streicker, Cotsirilos, Stephenson, Tighe & Streicker, Chicago, Ill., for Donald Busch.

Sheldon T. Zenner, Katten, Muchin & Zavis, Chicago, Ill., for Mitchell Busch.

Daniel J. Cain, Sreenan, Cain & Sullivan, Rockford, Ill., for Lila M. Stinson.

Jim Zuba, Asst. U.S. Atty., Rockford, Ill., for U.S.

## ORDER

REINHARD, District Judge.

### Introduction

On March 10, 1992, the grand jury returned an indictment against Donald A. Busch and Mitchell S. Busch, defendants. The indictment contained 29 counts, including conspiracy, 18 U.S.C. § 371 and mail fraud, 18 U.S.C. § 1341. Twenty grand jurors were present during the March 10, 1992, session. On April 8, 1992, the Office of the United States Attorney for the Northern District of Illinois informed this court it had learned that a sworn, alternate juror who had not been impanelled attended the March 10, 1992, session. This court entered an order disclosing this information, and the order was telecopied to defendants' attorneys. Defendants have moved to dismiss the indictment pursuant to Federal Rule of Criminal Procedure (Fed.R.Cr. P.) 6.

### Contentions

Defendants contend that the indictment should be dismissed under Fed.R.Cr.P. 6(b)(2) or Fed.R.Cr.P. 6(d). The United States contends that Fed.R.Cr.P. 6(b) rather than Fed.R.Cr.P. 6(d) should apply and that under either, the indictment should only be dismissed upon a showing of prejudice by defendants.

### Discussion

Aspects of the grand jury in federal cases are governed by Fed.R.Cr.P. 6. The court may direct that alternate jurors be designated at the time the grand jury is selected, Fed.R.Cr.P. 6(a)(2), and an alternate may be impanelled when the court excuses a juror permanently. Fed.R.Cr.P. 6(g). A motion to dismiss the indictment may be based on objections to the array of jurors or on the lack of legal qualification of an individual juror pursuant to Fed. R.Cr.P. 6(b)(2). However, an indictment shall not be dismissed on the ground that one or more members of the grand jury were not legally qualified if it appears from the record that 12 or more jurors, after deducting the number not legally qualified, concurred in finding the indictment. Fed. R.Cr.P. 6(b)(2). Objections to the legal qualification of jurors under Fed.R.Cr.P. 6(b)(2) refers to the ability of the jurors to sit on the grand jury under 28 U.S.C. § 1865. *See* 2 LaFave & Isreal, Criminal Procedure § 15.3(d) at 295 (1984); 8

Moore's Federal Practice ¶ 6.03[1][a] at 6–63 (2d ed. 1992). Only attorneys for the government, the witness under examination, interpreters when needed and, for the purpose of taking the evidence, a stenographer or operator of a recording device may be present while the grand jury is in session. Fed.R.Cr.P. 6(d). Although no other person other than the jurors may be present while the grand jury is deliberating or voting, Fed.R.Cr.P. 6(d), a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants, *Bank of Nova Scotia v. United States*, 487 U.S. 250, 253–55, 108 S.Ct. 2369, 2373, 101 L.Ed.2d 228 (1988).

■ The parties do not cite nor was this court able to find any authority discussing the precise issue presented here: the presence in the grand jury during the proceeding and deliberations of a sworn, alternate juror who had not been impanelled. This court must determine whether Fed.R.Cr.P. 6(b)(2) or 6(d) is applicable, and, if so, whether the indictment should be dismissed.

A district court's construction of a statute is a matter of law. *United States v. Powell*, 929 F.2d 1190, 1193 (7th Cir.1991). In construing a statute, the court must effectuate the overall legislative intent. *United States v. Roy*, 830 F.2d 628, 634 (7th Cir.1987). In determining the meaning of a statute, a federal court must first look to the plain meaning of the statute before looking beyond the words themselves. *Oneida Tribe of Indians v. Wisconsin*, 951 F.2d 757, 760–61 (7th Cir.1991). When the statute's language is plain, the sole function of the court is to enforce it according to its terms. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240–41, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). However, in rare cases, if the literal application of a statute will produce a result demonstrably at odds with the intention of the drafters, the intention of the drafters controls rather than the strict language. *Ron Pair*, 489 U.S. at 241–43, 109 S.Ct. at 1031. Further, specific statutory language governs general statutory language. *See*

*Green v. Bock Laundry Machine Co.*, 490 U.S. 504, 523–25, 109 S.Ct. 1981, 1992, 104 L.Ed.2d 557 (1989).

In this case, the more specific language is found in Fed.R.Cr.P. 6(b)(2) which provides for dismissal only if after deducting the number of jurors not legally qualified, 12 or more jurors concurred in finding the indictments. However, as noted above, "legally qualified" refers to the ability of a citizen to sit on a grand jury under 28 U.S.C. § 1865. "Legally qualified" does not refer to whether a juror is impanelled. Because the objection is not to the legal qualifications of the juror, Fed.R.Cr.P. 6(b)(2) is not applicable. Rather, the objection is to the juror's presence during the deliberation and voting. Therefore, Fed.R.Cr.P. 6(d) is the relevant rule to be applied.

■ Although defendants cite several cases for support of the proposition that when an unauthorized person is present before the grand jury, the indictment must be dismissed, *see, e.g., United States v. Kazonis*, 391 F.Supp. 804 (D.C.Mass.1975); *United States v. Braniff Airways*, 428 F.Supp. 579 (W.D.Tex.1977), as the United States noted in its memorandum in response to defendants' motion to dismiss, that is clearly no longer the law, *see Bank of Nova Scotia*, 487 U.S. at 253–54, 108 S.Ct. at 2373. In *Bank of Nova Scotia*, the Supreme Court stated, "as a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." *Bank of Nova Scotia*, 487 U.S. at 254, 108 S.Ct. at 2373.

On the record currently before this court, it is not possible to determine how or if defendants were prejudiced by the presence of the sworn, alternate juror who was not impanelled. This court will hold a closed hearing pursuant to Fed.R.Cr.P. 6(e)(5) to determine if defendants were prejudiced. The hearing will be limited to an inquiry of the grand jury foreperson and the sworn, alternate juror. A status hearing is set for July 15, 1992 at 9:30 a.m. at which time a date for an evidentiary hearing will be scheduled.

Conclusion

Defendants' motion to dismiss the indictment pursuant to Fed.R.Cr.P. 6 is continued pending an evidentiary hearing.