70 F.3d 1264
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John C. SIMMS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
John C. SIMMS, Defendant-Appellant.
 Nos. 94-5820, 95-5062.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 31, 1995.
Decided Dec. 5, 1995.
 
 C. Dean Latsios, Fairfax, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Irvin McCreary Allen, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 Before HALL, WILKINS, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 John Simms, an inmate at Lorton Reformatory Correctional Complex, was indicted by a grand jury on one count of assaulting a correctional officer. Prior to trial, Simms moved to dismiss the indictment on the ground that the district court for the Eastern District of Virginia did not have jurisdiction to try the offense. The district court denied the motion and Simms filed a pro se appeal, which is the subject of case No. 94-5820. Because the denial of a motion to dismiss is not appealable as a final order under 28 U.S.C. Sec. 1291 (1988), we dismiss Simms's pro se appeal as interlocutory. United States v. Ellis, 646 F.2d 132, 133 (4th Cir.1981).
 
 
 2
 Simms was tried and convicted of the assault charges. He now appeals, in case No. 95-5062, alleging various errors at trial. For the reasons set forth below, we affirm.
 
 
 3
 The assault occurred one morning when Simms arrived late for breakfast and was told by Corporal Jose Rosa, a prison correctional officer, not to enter the culinary unit. When Simms ignored Rosa and entered the unit, Rosa approached Simms and asked for his identification card. Simms held the card out, but refused to hand it over and Rosa had to forcibly retrieve it. As Rosa was escorting Simms out of the unit, Simms turned and punched Rosa in the face. Simms was subdued by other correctional officers.
 
 
 4
 On appeal, Simms first claims that since he was charged with violating the District of Columbia Code, he should have been tried in the District of Columbia Superior Court. This court has held that "[t]he United States District Court for the Eastern District of Virginia has original jurisdiction for crimes committed at Lorton Reformatory, which is located within that district, and this includes criminal charges for violation of the D.C.Code and also for violation of Virginia criminal laws assimilated by 18 U.S.C. Sec. 13." United States v. Young, 916 F.2d 147, 150 (4th Cir.1990). Accordingly, Simms's claim is without merit.
 
 
 5
 Simms also claims that the district court erred by not asking one of his proposed voir dire questions. At voir dire, counsel for Simms proposed the following question for the venire: "Has anything that anyone has read or heard about what goes on at Lorton been such as would in any way affect your ability to be an impartial juror?" The trial court denied this proposal, reasoning that the issue had been covered by other voir dire questions, such as: (1) whether any members who lived within five miles of Lorton felt that they would be unable to render a fair and impartial verdict; (2) whether any members were involved with law enforcement; (3) whether any members felt they would believe a law enforcement officer just because of his occupation; and (4) whether there was any other reason that would prevent any members from rendering a fair and impartial verdict.
 
 
 6
 A trial court's decisions at voir dire are reviewed for abuse of discretion. Rosales-Lopez v. United States, 451 U.S. 182, 189 (1981). Although the court did not ask the exact question posed by defense counsel, it posed questions about the venire's involvement with law enforcement, opinions of Lorton, and inability for any other reason to render a fair and impartial verdict. Moreover, the court's questions to the jury made it clear that the testimony of correctional officers was entitled to no more weight than testimony of other witnesses. Because the court addressed the concerns reflected in Appellant's voir dire question, we find that there was no error in its omission.
 
 
 7
 Simms also claims that the prosecution's peremptory challenge of an African-American woman was based on race. Equal protection considerations prohibit a prosecutor from using peremptory strikes to exclude jurors on the basis of race. Batson v. Kentucky, 476 U.S. 79, 95-97 (1986). Under Batson, once the defendant demonstrates a prima facie case of discrimination, the burden shifts to the prosecution to advance a neutral explanation for the strike. United States v. Joe, 928 F.2d 99, 102 (4th Cir.), cert. denied, 502 U.S. 816 (1991). The defendant then may impeach the prosecution's reasons as pretextual or inadequate. Id. The ultimate burden of proving discrimination lies with the defendant. Batson, 476 U.S. at 93.
 
 
 8
 In reviewing a Batson challenge, this court focuses on whether the district court correctly evaluated the prosecutor's explanation for the strikes. United States v. Bynum, 3 F.3d 769, 772 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3552 (U.S. Feb. 22, 1994) (No. 93-7295). This court accords the district court's Batson findings great deference and will reverse only for clear error. Id.
 
 
 9
 The district court found that Simms made out the required prima facie case, but that the prosecutor successfully came forward with a race-neutral reason for striking the juror, the juror's previous service on a hung jury. This finding was not clearly erroneous and, therefore, we find that Simms has failed to establish a violation of Batson.
 
 
 10
 Simms also claims that the district court erred in allowing the prosecution to introduce into evidence a chart depicting the culinary unit, four photos of Rosa's facial injuries, and three photos of Simms showing no visible injuries. We review the decision of the district court to admit evidence for an abuse of discretion. United States v. Francisco, 35 F.3d 116, 118 (4th Cir.1994) (per curiam), cert. denied, 63 U.S.L.W. 3563 (U.S. Jan. 23, 1995). The photos of Rosa's facial injuries were admitted as evidence that Simms assaulted Rosa. The three photos of Simms were admitted to rebut Simms's argument that he was assaulted by the guards. Finally, the chart depicting the culinary unit was admitted to show where the assault occurred. We find that the district court did not abuse its discretion in admitting these exhibits.
 
 
 11
 Finally, Simms claims that the district court erred in denying his motion for judgment of acquittal at the conclusion of the trial. Simms claimed that a jury question, which was submitted to the court just prior to the jury's verdict, reflected that the jury was unable to decide whether Simms committed an assault. Simms further contended that because the jury was unable to determine whether Simms committed an assault, its verdict must have been based on the other alternative acts charged in the indictment. Simms asserted that there was insufficient evidence to support a finding of guilty if that finding was based on the alternative acts. The district court denied the motion, finding that the jury's question could have been hypothetical and, in any respect, there was sufficient evidence to support a verdict on the alternative grounds.
 
 
 12
 This court has held that the standard of review applicable to a denial of a motion for judgment of acquittal is "whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir.1982). In determining the substantial evidence, the court neither weighs the evidence nor considers the credibility of witnesses. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Arrington, 719 F.2d 701, 704 (4th Cir.1983), cert. denied, 465 U.S. 1028 (1984).
 
 
 13
 The question asked by the jury was: "If the jury believes that Simms is guilty of some of the charges but not necessarily the assault charge as stated in verdict form, does the law state we return a guilty verdict." The indictment charged Simms with unlawfully, knowingly, and willfully assaulting, resisting, opposing, impeding, intimidating, and interfering with Corporal Rosa. In answering the jury's question, the court correctly instructed the jury that they could find Simms guilty if the prosecution proved beyond a reasonable doubt that Simms did any one of the several alternative acts charged. D.C.Code Ann. Sec. 22-505(a) (1995). See United States v. Bassil, 932 F.2d 342, 345 (4th Cir.1991).
 
 
 14
 On appeal, Simms claims that the only evidence that was presented was evidence that Simms assaulted Rosa. He contends that, if the jury did not believe that Simms assaulted Rosa, there was insufficient evidence to convict because there was no evidence that Simms resisted, opposed, impeded, intimidated, or interfered with Rosa. Witnesses testified, however, that Simms chooses to ignore the testimony that Simms disobeyed separate orders to stop, turn over his identification card, and leave the culinary unit. Additionally, the jury may have concluded that Simms's attack on Rosa did not constitute assault, but Simms's actions during the attack were nevertheless sufficient to qualify as resistance or opposition.
 
 
 15
 Thus, taking the evidence in a light most favorable to the prosecution, we find that there was sufficient evidence to support a finding of guilt beyond a reasonable doubt. Accordingly, we affirm Simms's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 No. 94-5820--DISMISSED
 No. 95-5062--AFFIRMED