EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Appellee,

v.

WHITIN MACHINE WORKS,
INC., Appellant.

No. 82–1252.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 8, 1982.

Decided Feb. 3, 1983.

Thomas H. Barnard, Cleveland, Ohio (Maria J. Codinach, Squire, Sanders & Dempsey, Cleveland, Ohio, on brief), for appellant.

Susan Buckingham Reilly, Washington, D.C. (Michael J. Connolly, Gen. Counsel, Philip B. Sklover, Associate Gen. Counsel, Vella M. Fink, Asst. Gen. Counsel, W. Sherman Rogers, Washington, D.C., on brief), for appellee.

Before WINTER, Chief Judge, and RUSSELL and HALL, Circuit Judges.

K.K. HALL, Circuit Judge:

Whitin Machine Works, Inc. (Whitin) appeals from the district court's order determining back pay awards owed to three female employees. In a previous appeal, we upheld the district court's findings that Whitin's wage differential between certain categories of male and female employees violated the Equal Pay Act, 29 U.S.C. § 201 *et seq.* However, we remanded for redetermination of underpaid back wages with directions to give consideration to seniority.[1] Finding that the district court closely examined and applied the seniority factor to the back pay awards, we affirm, and with the exception discussed below, adopt the reasoning of the district court.

As outlined in our earlier opinion, Whitin is a manufacturer of textile and graphic art machinery. Since May 20, 1973, it employed between four and six people in the positions of expediters or customer corre-

---

1. *Equal Employment Opportunity Commission v. Whitin Machine Works, Inc.,* 635 F.2d 1095 (4th Cir.1980).

spondents. The duties of each position are identical and consist of: (1) telephoning customer textile mills, (2) handling incoming and outgoing customer mail, (3) expediting customer deliveries, (4) granting prices and taking orders, and (5) investigating customer complaints about prices or equipment shortages. On appeal, we focused on the wage differential between three women, Graham, Plyler and Delorenzo, employed as either expediters or customer correspondents and Price, a male employed in these same positions. The evidence revealed that on May 21, 1973, when Whitin's back pay liability began to accrue, Price had approximately six years experience as an expediter or customer correspondent. Although Whitin had no policy for compensating seniority, we found sufficient evidence was before the trial judge from which this factor could have been considered in determining the back pay award owed to the claimants. Therefore, the case was remanded.

Upon reconsideration, the district court, in an order dated February 22, 1982, adopted the premise that 20 percent of the salary paid to Price served as compensation for his seniority. Because Price already had six years' experience as an expediter or customer correspondent, when the claimants' entitlement to back pay began to accrue, the district court ordered Whitin to pay the claimants at 80 percent of Price's salary until each obtained six years' experience in either position. After this, the female employees would receive back pay awards calculated on the basis of Price's full salary, in accord with Whitin's standard pay practices. Six percent interest compounded annually from the median point of employment was also awarded to each claimant. The district court ordered the Equal Employment Opportunity Commission (EEOC), plaintiff, to calculate the claimants' back pay awards based upon these guidelines. The specific amount of unpaid back wages owed to the three claimants as calculated by the EEOC was entered in the district court's March 3, 1982, order.

On appeal, Whitin contends that the district court's selection of the 20 percent figure as compensation for seniority was arbi-

trary and thus, unacceptable. We agree that it was arbitrary in the sense that the district court had no established standard for assessing what portion of Price's salary accounted for his seniority. However, we find that even without such a standard, the district court did an admirable job in reaching an equitable result. The 20 percent figure reflects as accurately as possible, Price's seniority. As noted in *Brennan v. City Stores, Inc.,* 479 F.2d 235, 242 (5th Cir.1973), *affirming, Hodgson v. City Stores, Inc.,* 332 F.Supp. 942 (M.D.Ala.1971), a case cited with approval in our previous decision, the Fifth Circuit held that:

> While the mechanics of computing back pay are difficult and alternative figures might have been used by the trial court in fashioning a remedy, whatever difficulty of ascertainment exists was due to the discriminatory wage structure maintained by the defendant. In such cases, it suffices for the trial court to determine the amount of back wages 'as a matter of just and reasonable inference.'

We, therefore, find that the district court tailored appropriate relief for the claimants. Moreover, we approve the interest as awarded.

Notwithstanding our approval of these aspects of the district court's order, we conclude that a miscalculation of the back pay awards occurred. The district court clearly indicated that the claimants should receive the difference between their respective salaries and 80 percent of Price's salary. This is mathematically expressed as:

Back pay equals

80 percent of Price's salary minus individual female employee's salary

However, the court's guidelines were not followed. As the order of March 3, 1982, reveals, the EEOC incorrectly computed the back pay awards by subtracting the individual female employee's salary from Price's full salary, and then reducing the total by 20 percent. This mathematical formula is expressed as:

Back pay equals

100 percent of Price's salary minus individual female employee's salary × 80 percent

Accordingly, the district court is directed to vacate the March 3, 1982, order, and instructed to recalculate the back pay award in accordance with the guidelines which it established in its February 22, 1982, order.

AFFIRMED AND REMANDED WITH INSTRUCTIONS.