811 F.2d 1505
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lucille P. PIERCE, Plaintiff-Appellant,
v.
DUKE POWER COMPANY, Defendant-Appellee.
 No. 86-1571.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 13, 1986.
Decided Feb. 4, 1987.
 
 Before PHILLIPS and SPROUSE, Circuit Judges, and BOYLE, District Judge for the Eastern District of North Carolina, sitting by designation.
 William F. Brooks; John Elbert Hall (Hall and Brooks, on brief), for appellant.
 Homer L. Deakins, Jr. (Margaret H. Campbell; Ogletree, Deakins, Nash, Smoak and Stewart; Robert M. Bisanar, on brief), for appellee.
 PER CURIAM:
 
 
 1
 The plaintiff appeals from a grant of summary judgment on her claim of sex discrimination. We affirm.
 
 
 2
 Lucille Pierce, a Duke Power employee at the company's North Wilkesboro, N.C. store, brings suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-2, and the Equal Pay Act, 29 U.S.C. Sec. 206(d). She alleges that the defendant failed to pay her wages equal to those of a male co-worker, Mr. Larry Cook, who allegedly performed substantially the same work. She claims that the facially gender-neutral seniority system in force at Duke Power has a discriminatory effect and that this system has been responsible for her being passed over for promotion. Duke Power has defended on two grounds: (1) that Duke Power's decisions with regard to Ms. Pierce were made pursuant to a bona fide seniority system which is exempt from scrutiny under Title VII and the Equal Pay Act; and (2) that Ms. Pierce's job is not substantially similar to that of her male co-worker. We find it necessary to reach only the first of these issues.
 
 
 3
 Because we find that Duke Power compensated and declined to promote the appellant pursuant to a bona fide seniority system, we affirm the summary judgment order of the court below.
 
 I.
 
 4
 The seniority system at issue in this case is the product of collective bargaining between the defendant and Local 962 of the International Brotherhood of Electrical Workers (IBEW). The bargaining agreement establishes three job classifications for the plaintiff's line of work. In ascending order of seniority, these are: (1) warehouseman, (2) stockman, and (3) senior stockman. Following initial employment, warehousemen get pay increases every three months. After the first year, they are entitled to promotion to stockmen. Stockmen get raises at six-month intervals for two years; thereafter they may be promoted to the senior level, provided that there is an opening at the senior level. This system has been in effect since 1974. It predates the employment of both the plaintiff and Mr. Cook.
 
 
 5
 Duke Power's staff needs at the North Wilkesboro Division are modest. The staffing criteria call for only two positions in that store. Appellant does not challenge these staffing criteria. Prior to the plaintiff's arrival, the two positions were: stores supervisor, held by a Mr. Archie Anderson, and warehouseman, held by Cook. In 1979, Anderson retired. His post was not refilled. Instead, Duke Power created a second warehouseman position, filled by plaintiff. A senior stockman position was also created, but it was not filled because neither Cook nor Pierce then had the requisite seniority to fill it. Cook was the senior of the two employees by about 8 1/2 months.
 
 
 6
 Both Cook and Pierce were paid and promoted according to the collective bargaining agreement. On July 20, 1981, at the end of the three years' service to the company, Cook was promoted to senior stockman. On April 14, 1982, Pierce completed her first three years on the job. However, the senior stockman position was already occupied by Cook, so Pierce got no promotion. There have been no vacancies at the senior stockman level in North Wilkesboro since Cook got his promotion. Plaintiff contends that she has been denied promotion as the result of an overall pattern of discrimination.
 
 
 7
 The District Court held that the existence of a bona fide seniority plan, which was not in dispute, removed the defendant's promotion practice from further scrutiny under the Equal Pay Act and Title VII since there was a statutory exception for the effects of such a plan.
 
 II.
 
 8
 Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of ... sex." 42 U.S.C. Sec. 2000e-2(a). However, this rule is not without exception. 42 U.S.C. Sec. 2000e-2(h) provides that it is not a violation of the law for an employer to apply different standards of compensation, terms, conditions or privilege based on a bona fide seniority system, provided that the system is not intended to establish a de facto discrimination. Similarly, the Equal Pay Act generally prohibits employers from compensating their employees unequally on the basis of sex but creates a specific exception where the apparent discrimination is due to a seniority system. 29 U.S.C. Sec. 206(d)(1)(i). Defenses based on 29 U.S.C. Sec. 206(d)(1)(i) have not been extensively litigated. Schlei and Grossman, Employment Discrimination Law (2d Ed., 1983), 459. However, it is clear that a differential based on the date of hire is justified so long as it is uniformly applied. Id. See also Hodgson v. Washington Hospital, 9 F.E.P. 612 (W.D.Pa.1971).
 
 
 9
 Where, as here, an employer defends against a charge of sex discrimination by invoking its seniority plan or another specific exception to the law, the burden of proving that the plan is bona fide rests upon the employer. Corning Glass Works v. Brennan, 417 U.S. 188, 196-97, S.Ct. 2223, 2229 (1974). To meet this burden of proof, the employer must demonstrate that it has an established policy, written or unwritten, formal or informal, the essential terms and conditions of which have been made known to the affected employees. 29 C.F.R. Sec. 800.144; EEOC v. Aetna Ins. Co., 616 F.2d 719 (4th Cir.1980). Where the employer proves that the alleged discrimination was the result of a bona fide seniority system, the employer is entitled to summary judgment.
 
 
 10
 We find that Duke Power has met its burden of proof and that its seniority system is bona fide. The appellant's seniority system was created by a collective bargaining agreement, the validity of which is not challenged. The agreement provides that a warehouseman shall be promoted to stockman after 12 months unless the employee is unqualified and that a stockman shall be promoted to senior stockman after 24 months "if a vacancy exists." The requirement that a vacancy exist at the higher position before a stockman can be promoted has been a part of appellee's collective bargaining agreements since 1945. The seniority system has been in place since 1952. In addition, Duke Power has produced affidavits showing that, although its seniority system has worked against Ms. Pierce, it has in other cases benefited female employees over more junior men. Ms. Pierce has given no evidence that the seniority poilicy has been applied irregularly against her. Plaintiff presents no evidence that the seniority system has promoted any pattern of discrimination.
 
 
 11
 Any difference in compensation among the positions of stockman and a senior stockman is directly attributable to seniority as defined in the plan. Appellant had been in the department a shorter time than Cook, and her wage had risen steadily during her tenure in the department, strictly according to the terms of the collective bargaining agreement. This court has previously held that seniority is a legitimate basis for wage differentiation. EEOC v. Whitin Machine Works, 699 F.2d 688 (4th Cir., 1983). Where, as here, the alleged discrimination is entirely attributable to a bona fide seniority system, the employer, as a matter of law, may not be held liable.
 
 
 12
 Appellant contends that an issue of genuine fact exists as to whether her job and that of Mr. Cook are substantially the same. While a dispute may exist as to this issue, that dispute is not material to this case. In demonstrating that its seniority system is bona fide, the appellee has established an affirmative defense under the statutes relied upon by the appellant.
 
 
 13
 AFFIRMED.