811 F.2d 1505
 25 ERC 1551, 17 Envtl. L. Rep. 20,527
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
CONSOLIDATION COAL COMPANY, Appellant.
 No. 86-1001.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 10, 1986.
Decided Jan. 30, 1987.
 
 Before RUSSELL, SPROUSE and CHAPMAN, Circuit Judges.
 Daniel E. Rogers, on brief, for appellant.
 Dianne M. Shawley, Office of the Solicitor, United States Department of the Interior (F. Henry Habicht, II, Assistant Attorney General; David A. Faber, United States Attorney; Mary Hill, Assistant United States Attorney; Arthur E. Gowran, Department of Justice, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Consolidation Coal Company (Consol) and its corporate predecessors owned and operated the Amonate Mine, an underground coal mine in Virginia and West Virginia, from 1924 to 1960. After the raw coal from the mine was processed, the refuse was put into a refuse deposit. The mine was closed in 1960 and reopened in 1978. In June 1978 Consol began moving the material in the refuse deposit in order to extinguish a fire in it and to relocate the operation. In October 1978 Consol discovered that the refuse deposit still contained a substantial amount of coal that could be removed using modern processing technology. Consol eventually recovered 68,092 tons of this reclaimed coal, which it sold to Duke Power Company for $1,548,684.77.
 
 
 2
 On July 26, 1982, the United States filed a civil suit against Consol on behalf of the Office of Surface Mining Reclamation and Enforcement (OSMRE) of the Department of the Interior for collection of $23,832.20 in delinquent reclamation fees allegedly owed by Consol for the reclaimed coal. The fees are mandated by Section 402(a) of the Surface Mining Control and Reclamation Act of 1977 (SMCRA), 30 U.S.C. Sec. 1232(a).[1]
 
 
 3
 Consol denied that any fees were due because the coal in question had been produced prior to the enactment of SMCRA. It further contended that if any reclamation fee was owed it should be calculated at the rate of 15 cents per ton because the coal had come from an underground mine, rather than at the charged rate of 35 cents per ton, which applies to surface mines.
 
 
 4
 The district court interpreted the statute as imposing a reclamation fee on "those who gain an economic benefit from the coal when they gain the advantage." United States v. Sam Kennedy, C.A. No. CV 82-4234 (S.D.Ill., February 24, 1984). The critical date for application of the statute is therefore not the date on which the coal was originally extracted from the ground, but the date on which the economic advantage is gained. The parties stipulated that Consol reclaimed 68,240 tons of marketable coal from the refuse deposit from October 1978 to April 1979, and sold 68,092 tons of the reclaimed coal for a total of $1,548,684.77. The district court held that Consol derived the economic advantage when it sold the coal, which was after the effective date of SMCRA.
 
 
 5
 The district court found Consol's argument that it should pay only 15 cents per ton to be without merit. The extraction of coal from a refuse deposit is subject to the same fee as for surface mining under 30 C.F.R. Sec. 837.5 (defining reclaimed coal as "coal recovered from a deposit that is not in its original geological location") and 30 C.F.R. Sec. 837.13(a) (imposing a fee of 35 cents per ton on reclaimed coal). Consol does not contest the validity of these regulations. Therefore, it is clear that the fee received for surface mining was properly asserted. See In re: Permanent Surface Mining Regulation Litigation, 19 ERC (BNA) 1477, 1500 (D.D.C.1980).
 
 
 6
 The decision of the district court is accordingly affirmed on the reasoning of the district court.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 The relevant statute reads as follows:
 All operators of coal mining operations subject to the provisions of this chapter shall pay to the Secretary of the Interior, for deposit in the fund, a reclamation fee of 35 cents per ton of coal produced by surface coal mining and 15 cents per ton of coal produced by underground mining or 10 per centum of the value of the coal at the mine, as determined by the Secretary, whichever is less, except that the reclamation fee for lignite coal shall be at a rate of 2 per centum of the value of the coal at the mine, or 10 cents per ton, whichever is less.