811 F.2d 1505
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rene O. MARTINEZ, Petitioner,
Zoila Esperanza Juarez-Martinez, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 86-3847.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 10, 1986.
Decided Jan. 30, 1987.
 
 Before RUSSELL and HALL, Circuit Judges, and DOUMAR, United States District Judge for the Eastern District of Virginia, sitting by designation.
 Carl Ernest Krueger, on brief, for petitioners.
 Susan L. Kamlet, Office of Immigration Litigation, Civil Division, U.S. Department of Justice (Richard K. Willard, Assistant Attorney General; Robert Kendall, Jr., Assistant Director; James A. Hunolt, on brief), for respondent.
 PER CURIAM:
 
 
 1
 Rene Martinez and his wife Zoila Juarez de Martinez, illegal immigrants from El Salvador, petition for review of orders of the Bureau of Immigration Appeals (BIA) denying them discretionary asylum under 8 U.S.C. Sec. 1158(a) and mandatory withholding of deportation under 8 U.S.C. Sec. 1253(h). We affirm the decision of the BIA.
 
 
 2
 We note first that the parties disagree on whether the standards for granting discretionary asylum and mandatory withholding of deportation are, for practical purposes, identical. The Supreme Court has granted certiorari to resolve this dispute in Cardoza-Fonseca v. INS, 767 F.2d 1448 (9th Cir.1985), cert. granted, 106 S.Ct. 1181 (1986). We need not await the Supreme Court's ruling, however, because under either standard, the petitioners here have not met their burden of proof. See Cruz-Lopez v. INS, 802 F.2d 1518 (4th Cir.1986); Sanchez-Trujillo v. INS, 801 F.2d 1571 (9th Cir.1986).
 
 
 3
 The more stringent standard is used to determine whether there must be mandatory withholding of deportation. To meet this standard petitioners must prove a "clear probability of persecution" because of their race, religion, nationality, membership in a particular social group, or political opinion. INS v. Stevio, 467 U.S. 407 (1984). This requires petitioners to prove it is more likely than not that their life or liberty is threatened, and that this risk is greater than that suffered by the general population. Id. at 413.
 
 
 4
 The BIA found, and we agree, that petitioners' evidence was insufficient to show that they would be singled out for persecution if they were returned to El Salvador. The petitioners are in no greater danger than most other residents of El Salvador. Even if their risk is marginally higher, this cannot reasonably be attributed to their membership in a social or political group. Internal strife has created a hazardous environment in El Salvador and other countries. This hazard, however, is shared nearly equally by the residents of any war-torn country and it does not constitute persecution. See Benitez v. INS, 796 F.2d 472 (4th Cir.1986). Absent proof that petitioners would be singled out for persecution because of their membership in a group, the BIA cannot withhold deportation.
 
 
 5
 To qualify for discretionary asylum, on the other hand, the petitioners must prove that they have a "well-founded fear" of persecution because of their race, religion, nationality, membership in a particular social group, or political opinion." Assuming that the "well-founded fear" standard is more lenient than the "clear probability of persecution" standard in terms of the severity of the anticipated indignity, it is still incumbent upon the petitioners to prove that their risk is greater than that of the population as a whole because of their membership in a social or political group. See Estrada v. INS, 775 F.2d 1018 (9th Cir.1985); Espinosa-Martinez v. INS, 754 F.2d 1536 (9th Cir.1985). The BIA properly perceived no special persecution that petitioners would suffer because of their membership in a social or political group.
 
 
 6
 Because there was substantial evidence to support the decision of the Bureau of Immigration Appeals denying petitioners discretionary asylum and mandatory withholding of deportation, we affirm the decision, and the petition for review is dismissed.
 
 
 7
 AFFIRMED.