811 F.2d 1505
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clarence KING, Petitioner,
v.
CANNELTON INDUSTRIES, INC., Respondent,
and
Director, Office of Workers' Compensation Programs, United
States Department of Labor, Party-in-Interest.
 No. 85-1878.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 3, 1986.
Decided Jan. 30, 1987.
 
 Before WINTER, Chief Judge, and SPROUSE, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 Sunya Anderson, on brief, for petitioner.
 Douglas A. Smoot; Jackson, Kelly, Holt & O'Farrell, on brief, for respondent.
 PER CURIAM:
 
 
 1
 On motion of the parties, we decide this case without oral argument. It is an appeal by a claimant for black lung benefits from the denial of his claim by an administrative law judge whose decision was affirmed by the Benefits Review Board. The sole issue is whether substantial evidence supports the ALJ's decision that the interim presumption of total disability due to pneumoconiosis was rebutted.
 
 
 2
 We think that there was substantial evidence to support this finding and we affirm.
 
 
 3
 While we are of the view that the ALJ improperly relied on a recent blood gas test to contradict the results of pulmonary function tests,[1] there were, nevertheless, a medical report of Dr. Nestmann, confirmed by the reports of two nonexamining physicians, and recent x-rays negating the disabling presence of the disease. The contrary report of Dr. Lee relied in part on x-rays which were reread not to indicate pneumoconiosus.
 
 
 4
 We see no significant procedural errors on the part of the ALJ. While his decision did not identify the section of the regulations under which he found rebuttal, it is obvious that he found rebuttal under 10 C.F.R. Sec. 727.203(b)(2)(3). We do not read his decision, as the claimant contends, to shift impermissibly the burden of proving disability to the claimant after the interim presumption was invoked. Indeed it specifically says that "the burden of going forward" shifted to the employer after the interim presumption was invoked.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 In laymen's language a blood gas test measures the lung's ability to transport oxygen from the lungs into the blood. A pulmonary function test measures the lung's ability to hold air without obstruction. The tests thus measure different kinds of impairments either of which may result from pneumoconiosis