811 F.2d 1505
 UNITED STATES of America, Plaintiff-Appellee,
v.
Grover C. JONES, Jr., Defendant-Appellant.
 No. 86-5114.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 26, 1986.
Decided Jan. 30, 1987.
 
 Arthur T. Ciccarello, Robert P. Martin, on brief, for appellant.
 David A. Faber, Office of the United States Attorney, for appellee.
 PER CURIAM:
 
 
 1
 Grover C. Jones, Jr., appeals the district court's denial of his motion to dismiss the indictment on double jeopardy grounds, made after the court had dismissed an earlier indictment without prejudice for a violation of the federal Speedy Trial Act, 18 U.S.C. Sec. 3161. The government has filed a motion to dismiss the appeal for lack of jurisdiction. We find that the district court's order is interlocutory and is not appealable as an exception to the final order rule of 28 U.S.C. Sec. 1291. We therefore do not reach the merits of the case and dismiss the appeal.
 
 I.
 
 2
 Jones was arrested on October 17, 1984, on mail fraud charges and brought before a United States magistrate. The government moved to have Jones committed for a determination of Jones's competency to assist in his defense. The motion was granted, and Jones was transported to the Federal Correctional Institution at Butner, North Carolina, where he remained for 66 days. On November 19, 1984, Jones, Richard Lewis, John B. Whitlow, and Joseph A. Whitlow were indicted by a federal grand jury and charged with five counts of mail fraud. The mail fraud charges were incident to the alleged arson of Richard Lewis's properties and the defendants' subsequent attempts to collect money from an insurance company for the loss. On December 14, 1984, a superseding indictment was returned against the same individuals, and Jones was admitted to bond and, on December 21, released. On March 21, 1985, Jones filed his first motion to dismiss the indictment. The motion was based in part on an alleged violation of the Speedy Trial Act. On April 3, 1985, the district court entered an order dismissing the indictment based on a finding that Jones's speedy trial rights had been violated. On April 4, 1985, the district court entered an order amending the April 3 order to make the dismissal without prejudice. Subsequent to the dismissal of the indictment the government filed a notice of appeal of the district court's order. While the appeal was pending, the grand jury of the United States District Court for the Southern District of West Virginia, on June 25, 1985, returned another indictment naming Jones as the only defendant. The government moved to dismiss the appeal of the April 1985 dismissal of the first indictment. By order entered July 15, 1985, this Court dismissed the government's appeal.
 
 
 3
 The filing of the June 1985 indictment brought a new series of motions to dismiss, including the motion filed July 2, 1986, which was based in part on the claim of double jeopardy. The July 2 motion was denied on July 8, 1986, and is the subject of this appeal.
 
 II.
 
 4
 Generally the denial of a motion to dismiss is not a final order and is not appealable under 28 U.S.C. Sec. 1291. United States v. Ellis, 646 F.2d 132, 133 (4th Cir.1981). Appellant bases his right to pursue this appeal at this stage of the proceedings on the Supreme Court's decision in Abney v. United States, 431 U.S. 651 (1977). The court in Abney held that an appeal may lie from an order denying a motion to dismiss an indictment on double jeopardy grounds. Id. at 659. The Court reasoned that such denials are collateral orders within the meaning of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949), and therefore are "beyond the confines of the final-judgment rule." Id. The analysis as to whether the denial of such a motion is appealable, however, does not stop once the words "double jeopardy" are found in the appeal. For the order to be appealable the appeal must present at least a "colorable" claim of double jeopardy. Richardson v. United States, 468 U.S. 317, 322 (1984). See also Ellis, supra, at 134. If the double jeopardy claim is frivolous, the appeal from its denial may be dealt with summarily. Abney, supra, at 662 n. 8. Our analysis of "frivolousness" as contemplated by Abney "must embrace both a perception that a claim that is manifestly 'double jeopardy' in substantive content is wholly lacking in merit, and a perception that a claim advanced as one of 'double jeopardy' is manifestly not that in substantive content." United States v. Head, 697 F.2d 1200, 1204-05 (4th Cir.1982), cert. denied, 462 U.S. 1132 (1983).
 
 
 5
 Our review of appellant's claims leads us to conclude that none of them are true double jeopardy claims appealable at this stage of the proceedings. We express no opinion on the merit of these claims on grounds other than double jeopardy.
 
 
 6
 Although loosely couched in "double jeopardy" terms in order to bring this case within the scope of Abney, it is apparent that appellant's motion to dismiss his indictment is based on alleged violations of his speedy trial rights and on alleged prosecutorial misconduct. As this Court stated in Ellis, supra,
 
 
 7
 [m]erely because he has chosen to characterize the issue as one of double jeopardy, however, does not require this court to review it, for Abney limited review to colorable double jeopardy claims. Defendants cannot be allowed to delay trials and to dislocate the orderly procedure of the courts simply by raising frivolous claims of double jeopardy.
 
 
 8
 646 F.2d at 134.
 
 
 9
 It is clear that jeopardy has never attached in this case. In a jury trial jeopardy attaches when a jury is empaneled and sworn. In the case of a nonjury trial, jeopardy does not attach until the court begins to hear the evidence. Serfass v. United States, 420 U.S. 377, 388 (1975). In Serfass, a case involving the government's appeal of an order dismissing an indictment, the Court reaffirmed its view "that jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is 'put to trial before the trier of facts, whether the trier be a jury or a judge.' " 420 U.S. at 388 (citing United States v. Jorn, 400 U.S. 470, 479 (1971)). The Court found in Serfass that the petitioner, whose motion to dismiss the indictment had been granted, "was not then, nor has he ever been 'put to trial before the trier of facts.' " 420 U.S. at 389.
 
 
 10
 To the extent that appellant's motion to dismiss is based on alleged violations of his speedy trial rights, we have no authority to review his appeal at this time. See United States v. MacDonald, 435 U.S. 850 (1977) (defendant may not, before trial, appeal order denying motion to dismiss indictment on grounds that his Sixth Amendment rights to speedy trial have been violated). Again, we express no opinion on the merits of this claim. Similarly, and without regard to the merits of the claim, the denial of the motion to dismiss on alleged prosecutorial misconduct grounds is not appealable at this stage of the proceedings. Although prosecutorial misconduct may in certain circumstances invoke double jeopardy protections, neither of the situations is presented by this appeal. The situations where misconduct on the part of the government may invoke double jeopardy protections are (1) where the misconduct leads the trial court to sua sponte declare a mistrial as a matter of "manifest necessity"; and (2) where the misconduct has goaded the defendant into seeking a mistrial which is granted. See Head, supra, at 1206. Both circumstances, however, arise in situations where jeopardy has already attached. Such is not the situation in appellant's case.
 
 
 11
 Accordingly, because appellant's appeal from the order denying his motion to dismiss does not fall within the purview of the collateral order reasoning of Abney, the district court's order is not final for purposes of 28 U.S.C. Sec. 1291. It is not, therefore, appealable. Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument and grant the government's motion to dismiss this appeal as interlocutory.
 
 
 12
 DISMISSED.