811 F.2d 1505
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mary Ethel JESSEE, Plaintiff-Appellant,
v.
James E. NUNLEY, Defendant-Appellee
 No. 86-1128.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 11, 1986.
Decided Jan. 30, 1987.
 
 Before WINTER, Chief Judge, SPROUSE, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 John M. Lamie (Browning, Morefield & Lamie, P.C., on brief), for appellant.
 Jo S. Widener, on brief, for appellee.
 PER CURIAM:
 
 
 1
 James Nunley, previously counsel for the debtor Mary Ethel Jessee, filed an application for attorneys' fees based on his representation of Jessee during the debtor's Chapter 11 proceedings.[1] The bankruptcy court awarded Nunley fees of $110,000.00 plus $3,997.74 in costs. Jessee appealed the award and the district court affirmed. Jessee again appeals and we affirm.
 
 
 2
 The bankruptcy court awarded attorneys' fees to Nunley after considering the hours expended by Nunley, the reasonableness of his hourly rate, and the need for his services. See Hensley v. Eckerhart, 461 U.S. 424, 434 n. 9 (1983); Harman v. Levin, 772 F.2d 1150, 1152 n. 1 (4 Cir.1985). The bankruptcy court reviewed itemized notations from Nunley for the two-year period during which Nunley represented the debtor. Nunley spent much of this time on a lawsuit that the debtor was pursuing to take control of a company and to allow the debtor to refinance her debts. After Nunley withdrew from representing Jessee at Jessee's request, the lawsuit was settled and Jessee assumed control of the contested company.
 
 
 3
 The bankruptcy court found that, as a direct result of Nunley's efforts during this litigation, the debtor was able successfully to reorganize and thereby resolve her financial difficulties. Nunley's labors also included drawing up a plan of reorganization which formed a substantial part of the plan which the bankruptcy court eventually confirmed. The bankruptcy court found that Nunley's requested hourly rate and the hours he spent on the action were justified because of the beneficial results of the eventual settlement and because of Nunley's experience and professional stature. While the evidence was in conflict on some of these points, the district court concluded that the factual findings of the bankruptcy court were not clearly erroneous and that the bankruptcy court had not abused its discretion in fixing the amount it allowed.
 
 
 4
 Before us Jessee's principal argument is that Nunley's time spent on the related lawsuit should not be compensated for by the bankruptcy estate. We disagree. The bankruptcy court found that these services were necessary to the debtor's reorganization, and this finding, as the district court correctly concluded, was not clearly erroneous. Nunley's services were therefore compensable from the bankruptcy estate.[2]
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 During the course of the fee litigation, Mr. Nunley died and his interests are now litigated by his estate
 
 
 [2]
 The bankruptcy court had jurisdiction over the setting of reasonable attorneys' fees that are attributable to the administration of the estate. 11 U.S.C. Sec. 330; Harman v. Levin, supra. Although Nunley spent much of his time prosecuting a nonbankruptcy action, this action was important to the debtor's plan of reorganization. Nunley's fees for this action were thus reasonably incident to the administration of the debtor's estate for purposes of Sec. 330