811 F.2d 1505
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eloise L. MOODY, Plaintiff-Appellant,
v.
COMMONWEALTH OF VIRGINIA, DEPARTMENT OF MENTAL HEALTH &
MENTAL RETARDATION; Betty Kenley, Individually and in her
official capacity as Director of Nursing; Carrie Chavis,
Individually and in her official capacity as Acting Charge
Nurse, Defendants-Appellees,
and
Ronald Snead, Individually and in his official capacity as
Acting Center Director, Defendant.
 No. 86-1568.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 10, 1986.
Decided Feb. 2, 1987.
 
 Before RUSSELL, PHILLIPS and WILKINS, Circuit Judges.
 Sa'ad EL-Amin, Sa'ad EL-Amin & Associates, on brief, for appellant.
 Mary Sue Terry, Attorney General, Frank W. Pedrotty, Assistant Attorney General, on brief, for appellees.
 PER CURIAM:
 
 
 1
 Eloise L. Moody appeals the district court's grant of summary judgment for failure to show purposeful discrimination in this action brought under 42 U.S.C. Secs. 1981 and 1983. We find no error in the district court's judgment and affirm.
 
 
 2
 Moody is a black female who worked as a child care technician at the Virginia Treatment Center for Children (VTCC). One of the qualifications for the position of child care technician is the ability to supervise and, when necessary, restrain emotionally-disturbed children who frequently strike out at themselves and others.
 
 
 3
 In December 1983, Moody complained of pains in her knee and, following her doctor's recommendation, she was placed on light work duty, completely restricted from deep knee bends and kneeling, for a full year from December 30, 1983, until her departure on December 31, 1984.
 
 
 4
 In May 1984, Moody's doctor advised the defendants that Moody suffered from a degenerative arthritic abnormality of the kneecaps, a chronic condition, and that under no circumstances should she be kneeling or stooping except in an emergency situation.
 
 
 5
 On June 11, 1984, Moody met with the defendants and with the employee relations director at VTCC. All agreed that Moody's physical disability would preclude her from discharging her duties as a child care technician. Moody was advised that the only available job at VTCC at that time was in the housekeeping department. She declined to perform that type of work. The defendants agreed to retain Moody until October 31, 1984, in order to permit her to find other work. During that time, Moody was assigned to the night shift on an interim basis while other employees were on vacation. In October 1984, Moody's termination date was extended to December 31, 1984.
 
 
 6
 On May 22, 1985, Moody filed the instant action, alleging that the defendants discriminated against her on the basis of race, and that they treated her differently from three white employees who had been injured, in that those employees were preferentially accommodated during their period of injury while she was offered a demotion to a position in the housekeeping department or a termination of employment. The district court granted summary judgment for the defendants, finding that Moody failed to establish that any of the defendants purposefully discriminated against her at any time during her employment at VTCC. See General Building Contractors Association v. Pennsylvania, 458 U.S. 375, 383 (1982). This appeal followed.
 
 
 7
 The district court correctly found in its memorandum and order granting summary judgment that Moody failed to establish a prima facie case of racial discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Moody failed to establish that she was similarly situated to the three white employees at VTCC, all of whom had temporary injuries and were able to return to full duty within a limited period of time. In contrast, Moody suffered from a permanent, chronic condition which prevented her from assuming full duty as a child care technician. There was no evidence that any job was available to accommodate Moody.
 
 
 8
 Therefore, we affirm the district court's decision. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court, and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.