811 F.2d 1505
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
TODD TRANSPORT CO., INC., Plaintiff-Appellant,
v.
PROVIDENT STATE BANK OF PRESTON, MARYLAND, Defendant-Appellee.
 No. 86-3069.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 11, 1986.
Decided Feb. 4, 1987.
 
 Before SPROUSE, Circuit Judge, HAYNSWORTH, Senior Circuit Judge, and MAXWELL, United States District Judge for the Northern District of West Virginia, sitting by designation.
 John Polanin, Jr. (David Freishtat; W. Michael Mullen; Freishtat & Sandler, on brief), for appellant.
 Franklin T. Caudill (David F. Albright; John F. Kaufman; Semmes, Bowen & Semmes, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Following entry of Summary Judgment by the District Court against Todd Transport Company, Inc. (Todd) in favor of Provident State Bank of Preston, Maryland (Provident), this appeal was filed. Finding that the District Court's action is in keeping with established rules of substantive and procedural law, as related to the facts and issues presented, we affirm.
 
 
 2
 This litigation commenced as an adversary proceeding before the United States Bankruptcy Court for the District of Maryland. Upon Todd's request for a jury trial of the issues raised and suggested in its Complaint, the action was transferred to the United States District Court for the District of Maryland.
 
 
 3
 Todd's cause of action alleges fraud, interference with prospective economic advantage, negligent misrepresentation, negligence, and restraint of trade. According to Todd, its severe cash flow problems, business losses, massive obligations, bankruptcy court petition, and otherwise undefined "great financial damage in business losses" were the result of Provident's refusal to provide comprehensive refinancing of Todd's accumulated obligations and debts.
 
 
 4
 Upon the prompt assignment of this civil action to the docket of a trial judge for the District of Maryland, a scheduling order was entered directing that the parties complete all discovery by October 1, 1983. Provident thereafter commenced its discovery effort. After Todd failed to respond to the initial discovery requests, Provident filed a Motion to Compel Answers to Interrogatories and Responses to Document Requests. Todd subsequently responded with its Answers to Interrogatories and Supplemental Answers to Interrogatories, containing Certificates of Service dated respectively September 7, 1983 and October 4, 1983. It is noted that Todd's first answers were filed within the scheduling order deadline while the supplemental answers were not timely. Answer 27 on each of Plaintiff's Answers to Interrogatories claim an offer by or on behalf of Provident to purchase 60% of the stock in Todd for $200,000.00, with the remaining 40% of the stock to be acquired at actual value following a corporate audit. Todd at the time was in default on the Provident loan and according to Todd the bank was indicating that action was to be taken to collect Todd's debt.
 
 
 5
 Provident contended before the District Court that the discovery requests were evasive and grossly inadequate; that Todd provided no dollar amounts, or even estimates, but simply referred Provident to damage itemizations to be given at some unspecified future date. Also, no experts were identified and no expert opinions were disclosed. In response to Provident's second Motion to Compel, filed October 14, 1983, the District Court issued a letter order dated October 19, 1983 finding:
 
 
 6
 The Plaintiff [Todd] has not requested an extension of the time within which to respond to the interrogatories or to produce documents.
 
 
 7
 Accordingly, the Plaintiff will be restricted in the presentation of evidence to the answers filed as of this time. With that provision, the [Provident] defendant's motion to compel has been denied.
 
 
 8
 Todd did not move to vacate or modify this preclusionary order. On February 15, 1984 Todd furnished to Provident an expert's report drafted by one Emery White. The report attempted to establish valuation of Todd for the purpose of proving damages allegedly caused by Provident. One valuation method was reliance upon an alleged offer by Provident to purchase Todd's stock.
 
 
 9
 In response to Todd's expert report, Provident filed a timely Motion In Limine to exclude the expert's reports for several reasons, the principal one of which being that the same is not admissible pursuant to the District Court's preclusionary order of October 19, 1983. Provident further urged that in any event the expert report failed to provide any probative evidence of damages. Together with the Motion In Limine, Provident moved for Summary Judgment urging several grounds in support thereof, including the grounds urged to advance its Motion In Limine.
 
 
 10
 The district judge to whom the case had been reassigned granted both the Motion In Limine and the Motion for Summary Judgment, holding that the October 19, 1983 preclusionary order prohibited the admissibility of the types of damage evidence submitted by Todd. Eastern Auto Distributors, Inc. v. Peugeot Motors of America, Inc., 795 F.2d 329 (4th Cir.1986). Alternatively, the District Court found that the evidence offered by Todd "... simply does not provide the basis (in fact) for a finding of damages."
 
 
 11
 On this appeal, Todd has raised no challenge to the District Court's granting of Provident's Motion In Limine, which excluded the expert's report, and Todd does not question the enforceability or validity of the District Court's preclusionary order of October 19, 1983.
 
 
 12
 This Court is satisfied that the District Court's two decisions correctly removed any and all theories upon which Todd could introduce facts to establish its alleged damages, including the expert report of Emory White.
 
 
 13
 The function of a Summary Judgment motion is to avoid unnecessary trials by providing a speedy and efficient disposition where, as here, the civil action is determined to be one in which there is an absence of a genuine and material factual dispute. 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure Sec. 2712 (1983).
 
 
 14
 In conclusion, we find that the District Court carefully considered every aspect of Todd's cause of action. As earlier noted this Court finds that the District Court acted correctly, first in the October 19, 1983 letter preclusionary order, next in granting Provident's Motion In Limine and finally in granting Provident's Motion for Summary Judgment.
 
 
 15
 AFFIRMED.
 
 HAYNSWORTH, Senior Circuit Judge, dissenting:
 
 16
 Being of the view that there is a triable issue so long as possibly recoverable damages were limited to $200,000, I would reverse and remand.