811 F.2d 1505
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lanny Dale ROBERTSON, and Lucy Robertson, Appellants,
v.
James A. THEVENIR, and Dumont Trucking Company, a
corporation, Appellees.
 No. 85-1921.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 12, 1986.
Decided Feb. 4, 1987.
 
 Before WIDENER and SPROUSE, Circuit Judges, and BOYLE, District Judge for the Eastern District of North Carolina, sitting by designation.
 Kenneth H. Fisher (Fisher & Young on brief), for appellants.
 Cheryl A. Eifert (John E. Jenkins, Jr.; Jenkins, Fenstermaker, Krieger, Kayes & Farrell on brief), for appellees.
 PER CURIAM:
 
 
 1
 The plaintiffs, Lanny Dale Robertson and his wife, Lucy Robertson, appeal from an adverse jury verdict on the issue of negligence in this automobile accident case.
 
 
 2
 On June 22, 1982, Lanny Dale Robertson was driving a truck north on U.S. Route 52 near its intersection with West Virginia Route 37 at Fort Gay, West Virginia. Following the Robertson truck was a tractor-trailer owned by the defendant Dumont Trucking Company and driven by its employee, the defendant James A. Thevenir. A rear end collision occurred between these two trucks at the intersection.
 
 
 3
 The evidence was in sharp conflict. Mr. Robertson claimed that he signaled and carefully began a right turn. Mr. Thevenir, in contrast, testified that the Robertson truck was dead in the road without lights, signal or warning before the turn.
 
 
 4
 Separate suits were originally brought by both Mr. and Mrs. Robertson in state court; Mr. Robertson suing for his personal injuries and Mrs. Robertson suing for loss of consortium. The defendants removed these actions based on the district court's diversity subject matter jurisdiction and consolidated both plaintiffs' claims for trial.
 
 
 5
 At the conclusion of the trial, the district judge presented the jury with special verdict interrogatories addressing the issues of negligence, contributory negligence and damages.
 
 
 6
 In arriving at their verdict, the jury answered the issue of negligence against the plaintiffs, finding that Mr. Robertson was negligent, that his negligence was the proximate cause of the accident, and that 100% of the negligence should be attributed to Mr. Robertson and 0% attributed to the defendant Thevenir.
 
 
 7
 The plaintiffs moved for a new trial contending: first, that the trial judge improperly instructed the jury regarding the proper measure of damages; and, second, that the jury's verdict was contrary to the law and the evidence and should be set aside.
 
 
 8
 The district judge denied these motions and entered judgment in accordance with the jury's verdict. It is from the denial of these motions and the verdict that the plaintiffs appeal. We now affirm the district court.
 
 
 9
 The plaintiffs go to considerable effort in this appeal to argue that there was error in the judge's instructions as to the measure of damages for personal injuries to Mr. Robertson. Mr. Robertson claimed that his injuries aggravated a pre-existing condition and that the instructions allowed the jury to improperly apportion the damage because of the pre-existing injury. While the court's charge appears to be a correct statement of the West Virginia law on the damage issue, we are not obligated to address this contention on appeal. The verdict of the jury against the plaintiffs on the issue of negligence is sufficient to render moot the arguments by the plaintiffs regarding the instructions on damage.
 
 
 10
 It is manifest from the record and briefs in this case that there was conflicting evidence for the jury to consider on the issue of liability. The jury heard that evidence, had the opportunity to weigh the evidence and judge the credibility of the witnesses, and did so, reaching a verdict against the plaintiffs. The trial judge did not see fit to disturb this verdict on motion for a new trial and we will not disturb it here on appeal. Wilhelm v. Blue Bell, Inc., 773 F.2d 1429 (4th Cir., 1985), cert. denied, --- U.S. ----, 106 S.Ct. 1199. The judgment of the district court is AFFIRMED.
 
 
 11
 AFFIRMED.