811 F.2d 1505
 45 Fair Empl.Prac.Cas. 299
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Stanhouse C. IVY, Appellant,
v.
Elizabeth H. DOLE, Secretary of Transportation, Appellee.
 No. 85-1764.
 United States Court of Appeals, Fourth Circuit.
 Argued April 9, 1986.
Decided Feb. 4, 1987.
 
 Before RUSSELL and CHAPMAN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 George M. Chuzi (Kalijarvi & Chuzi, P.S. on brief), for appellant.
 Dennis E. Szybala, Assistant United States Attorney (Justin W. Williams, United States Attorney on brief), for appellee.
 PER CURIAM:
 
 
 1
 The plaintiff, a policeman employed by the Federal Aviation Administration at the Washington National Airport, received a two day suspension following an absence which was treated as having been without leave. Administratively he processed a claim of discriminatory treatment because of his race but without substantial success.
 
 
 2
 Meanwhile, a class action on behalf of black policemen below the rank of sergeant at Washington National Airport, was terminated by a consent decree. Ivy objected to the proposed consent decree in the class action, seeking to preserve his individual claim. His objection was overruled, and the consent decree was entered. Good v. Helms, No. 83-540 (E.D.Va. Dec. 23, 1983). The district court in Ivy's case held that maintenance of his individual claim was precluded by the judgment entered in Good v. Helms. Ivy v. Dole, 610 F.Supp. 165 (E.D.Va.1985).
 
 
 3
 We affirm.
 
 I.
 
 4
 On a day on which he was scheduled to work, Ivy telephoned his supervisor and reported that he was ill. He was granted sick leave. He was not sick, however.
 
 
 5
 Later that day, Ivy went to FAA headquarters and consulted an EEO counselor about the policy requiring annual physical examinations. While there, he called his supervisor about the physical examination policy. When the supervisor learned that Ivy was not home sick, he told Ivy that his sick leave was rescinded and he would be listed as absent without leave that day.
 
 
 6
 In an effort to have his absence excused, Ivy produced what purported to be a medical certificate stating that he had received medical treatment for an illness on the day of his absence. The certificate was false, as Ivy later admitted.
 
 II.
 
 7
 While Ivy's administrative appeal was pending before the EEOC, the Good class action litigation was terminated. Ivy had not objected to certification of the class under Rule 23(b)(2), but he did object to the proposed consent decree. Judge Bryan heard the objections, but overruled them and entered the judgment. He expressed the view that the consent decree provided Ivy and all other members of the class substantial advantages, including a revised promotion system, and that the relief provided by the proposed consent decree should not be withheld or postponed because Ivy and all the other members of the class did not get all the relief they desired. He denied Ivy permission to opt out of the class, and the terms of the decree expressly precluded maintenance by class members of other accrued claims of racial discrimination.
 
 III.
 
 8
 This case came before Judge Richard L. Williams who held that the claim was precluded by the judgment in the Good litigation. We affirm for reasons stated by him in his opinion. Ivy v. Dole, 610 F.Supp. 165 (E.D.Va.1985).
 
 
 9
 AFFIRMED.