811 F.2d 1505
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mack PEYATT, Appellant,
v.
Manfred HOLLAND, Warden, WV Penitentiary, Appellee.
 No. 85-6488.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 5, 1987.
Decided Feb. 4, 1987.
 
 Before WIDENER and WILKINSON, Circuit Judges, and SENTELLE, District Judge for the Western District of North Carolina, sitting by designation.
 James A. McLaughlin; Deborah L. McHenry, West Virginia College of Law, on brief, for appellant.
 Charles G. Brown, Attorney General; Mary Rich Maloy, Assistant Attorney General, on brief, for appellee.
 PER CURIAM:
 
 
 1
 In this case appellant Mack Peyatt filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. Sec. 2254 in the United States District Court for the Northern District of West Virginia. In that habeas corpus petition Peyatt briefly listed ten grounds for relief but did not include any facts in support of the petition. Instead Peyatt attached a copy of his Petition for Writ of Error and Supersedeas filed by his attorney in the Supreme Court of Appeals of West Virginia in his direct appeal of his conviction.
 
 
 2
 Upon examination of the habeas petition the district court discovered that Peyatt had not supplied the court with facts supporting his petition as required by Rule 2(c) of the Rules Governing Sec. 2254 Cases, but instead had left that particular part of the form blank. Therefore the district court returned the habeas petition to Peyatt directing him to complete the supporting facts section of the form petition and submit it to the Clerk of the Court within 30 days. The district court further advised Peyatt that failure to so respond would result in dismissal of the habeas corpus petition.
 
 
 3
 Peyatt again filed his habeas corpus petition in the district court. The second petition was substantially identical to the first, with no supporting facts included, and with a copy of the Petition for Writ of Error attached as before. The district court then dismissed the habeas corpus petition without prejudice for failure to comply with Rule 2(c) and with the earlier order of that court.
 
 
 4
 While the district court would probably have been justified in accepting and acting upon Peyatt's habeas corpus petition as prepared, it was not required so to do. We find no error in the district court's dismissal of the petition for failure to comply with an order of that court. Its action was not an abuse of discretion.
 
 
 5
 The judgment of the district court is accordingly
 
 
 6
 AFFIRMED.