811 F.2d 1505
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lee C. SMITH, and wife; Adele H. Smith; Alton B. Smith,
and wife; Matilda W. Smith; Anna Smith Dorsett, and
husband; James K. Dorsett; Vernon F. Smith, and husband;
Haywood C. Smith; Vernon S. Chandler, and husband; Dolly
S. Brantley, and husband; Julian C. Brantley; Ann S.
Andrews, and husband; John R.B. Andrews; Adele H. Smith,
as Trustee for Lee C. Smith, Jr.; Willis Smith; Wachovia
Bank and Trust Company, N.A., as Successor Trustee under the
Will of Willis Smith, Jr., Plaintiffs-Appellants,
v.
HBE Corporation, Defendant-Appellee.
 No. 86-3861.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 9, 1986.
Decided Feb. 5, 1987.
 
 Before RUSSELL, WIDENER and WILKINSON, Circuit Judges.
 James K. Dorsett, III, Michael E. Weddington, Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan on brief for appellants.
 Audrey G. Fleissig (William A. Richter, Peper, Martin, Jensen, Maichel & Hetlage, Charles C. Meeker, Cynthia L. Wittmer; Sanford, Adams, McCulloch & Beard on brief) for appellee.
 PER CURIAM:
 
 
 1
 The plaintiffs are the owners and lessors of a building leased to the defendant. They appeal from the district court's order denying them declaratory judgment as to the validity of the lease and lease modification agreements under North Carolina law, and granting summary judgment to the defendant on the question of whether the defendant, by requesting a private letter ruling from the Internal Revenue Service as to ownership of the leased property for federal taxation purposes, breached its implied duties under the lease and lease modification agreements. The district court found that no dispute exists as to the meaning or validity of the agreements under state law and that, therefore, a declaratory judgment on that question is not appropriate. The court also found that the agreements contain no implied duty on the part of the defendant that would prevent it, on pain of breach, from requesting a private letter ruling from the Internal Revenue Service on whether it was entitled to an allowance for depreciation on the leased property under the federal income tax code. Such ruling, whatever its purport, would not bind the plaintiffs who would not be parties to such ruling.
 
 
 2
 We find the district court's analysis and decision proper. Accordingly, we affirm the judgment of the district court for the reasons stated in its opinion herein.
 
 
 3
 AFFIRMED.