811 F.2d 1505
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gene Edward MUNNINGS, Plaintiff-Appellant,
v.
Colonel SPICKLER, Warden Winebrenner, Officer Brenner,
Officer Suffecool, Lt. Lynch, Lt. Tucker, Officer
Howe, Hearing Officer Barthlow, Hearing
Officer Dussen, Defendants-Appellees.
 No. 86-7223.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 31, 1986.
Decided Feb. 5, 1987.
 
 Before PHILLIPS and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Gene Edward Munnings, appellant pro se.
 Stephen Howard Sachs, Attorney General, for appellees.
 PER CURIAM:
 
 
 1
 Gene Edward Munnings appeals the district court entry of summary judgment on his 42 U.S.C. Sec. 1983 claim. Munnings raises numerous allegations of civil rights violations, against nine correctional officials or officers of the Maryland Division of Correction, arising from his housing assignments at the Maryland Correctional Institution at Hagerstown. The magistrate recommended that summary judgment be entered in favor of all defendants finding, among other things, that the disciplinary hearing officers Barthlow and Dussen, and Correctional Officer Howe, were absolutely immune from damages for their conduct in the course of the quasi-judicial proceedings against Munnings. The district court adopted the magistrate's report and recommendation.
 
 
 2
 Subsequent to the magistrate's report but prior to the district court's decision the Supreme Court held that members of a prison's disciplinary committee are entitled only to qualified rather than absolute immunity. Cleavinger v. Saxner, --- U.S. ----, 54 U.S.L.W. 4048 (Dec. 10, 1985). Thus Barthlow and Dussen would be liable for damages if it were shown that their conduct violated a clearly established statutory or constitutional right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 815-19 (1982). Munnings alleges that Barthlow refused to allow him to call witnesses. However, the record indicates that the only witnesses that Munnings requested did in fact testify at the hearing.
 
 
 3
 Munnings' only allegation against Dussen is that Dussen found him guilty of fighting and sentenced him to 30 days cell restriction and loss of five good conduct days. This Court will not engage in factual relitigation of the underlying infractions. Kelly v. Cooper, 502 F.Supp. 1371, 1376 (E.D.Va.1980). There clearly existed "some evidence" to support the conviction, Superintendent, Massachusetts Correctional Institution v. Hill, --- U.S. ----, 53 U.S.L.W. 4778, 4781 (June 17, 1985), and nothing in the record suggests that Dussen violated Munnings' constitutional rights.
 
 
 4
 Munnings alleges that Correctional Officer Howe falsified his infraction report. However, the record indicates that Munnings was afforded due process in connection with the disciplinary hearings, Wolff v. McDonnell, 418 U.S. 539 (1974), and we decline to review the hearing officer's factual findings. Kelly v. Cooper, 502 F.Supp. at 1376. This claim, therefore, lacks merit.
 
 
 5
 We therefore affirm the district court's entry of summary judgment. Munnings' requests for declaratory and injunctive relief are without merit. Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument and affirm the judgment as to the remaining parties on the reasoning of the district court, which adopted the magistrate's recommendation. Munnings v. Spickler, C/A No. 84-1582-JFM (D.Md., July 15, 1986).