811 F.2d 1505
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Angelo Gilchrist HOWARD aka Bey Bey, Appellant.
UNITED STATES of America, Appellee,
v.
Robert Donnell PARKS aka Robert Earl, Appellant.
UNITED STATES of America, Appellee,
v.
Charles Willie KENNEDY aka China, Appellant.
UNITED STATES of America, Appellee,
v.
Ralph Alexander PURNELL aka Michael, Appellant.
UNITED STATES of America, Appellee,
v.
Kevin Lamont CLARK, Appellant.
 Nos. 86-5549 to 86-5551, 86-5556 and 86-5557.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 11, 1986.
Decided Feb. 5, 1987.
 
 Before WINTER, Chief Judge, RUSSELL, Circuit Judge, and DOUMAR, United States District Judge for the Eastern District of Virginia, sitting by designation.
 Patricia E. McDonald, Ralph Rothwell, Lawrence B. Rosenberg; Jay L. Liner, Steven Scheinin, Stephen Cribari (Claudia T. Wright, Assistant Federal Public Defender on brief) for appellants.
 Wick Sollers, Joseph Sedwick Sollers, III, Assistant United States Attorney, Breckinridge L. Willcox, United States Attorney on brief for appellee.
 PER CURIAM:
 
 
 1
 This is an appeal from the consolidated trial of six co-defendants who were convicted on January 31, 1986 on charges of conspiring to possess with intent to distribute, and to distribute heroin and cocaine in violation of 21 U.S.C. Sec. 846 (1982). The defendants were indicted on October 2, 1985 following an extensive investigation in which law enforcement officers utilized numerous informants, recording devices, and search warrants. Several motions to suppress certain evidence were filed by the defendants but denied by the district court. The defendants have raised numerous issues on appeal concerning the admission and sufficiency of evidence, the court's allocation of and restrictions on peremptory strikes, the court's sua sponte application of collateral estoppel against a defendant, a claim of ineffective assistance of counsel, the conduct of the trial court, and the denial of the defendants' motions to sever the trials. We find the defendants' claims meritless and affirm.
 
 
 2
 The first issue raised by the defendants is whether the district court erred in finding that the allegations of misstatements made in the affidavit on which the search warrants in the case were issued did not necessitate a hearing under the rule of Franks v. Delaware, 438 U.S. 154 (1978). The district court determined that a Franks hearing was unnecessary because the defendants failed to prove that the affiants made statements knowing them to be false or with reckless disregard for the truth as to material information in the affidavit. We read Franks to require proof of such taint in the statements in the affidavit on which the search warrants issued before a hearing is mandated. We agree with the district court that no statements of that kind were made by the affiants.
 
 
 3
 The defendants' claim that the court abused its discretion in the allocation of and restrictions placed on the defendants' peremptory challenges is likewise without merit. The trial court allocated to the defendants six (6) peremptory challenges to be exercised individually and ten (10) joint peremptory challenges for a total of sixteen (16) challenges. Fed.R.Crim.P. 24(b) requires only that the defendants be given jointly ten (10) peremptory challenges. Although the court refused to allow defense counsel to confer before exercising the six (6) additional individual peremptory challenges, we find no abuse of discretion since the court granted more challenges than the defendants were actually entitled to. The record shows that the district court complied substantially with any possible right of the defendants by allotting the challenges proportionally among the defendants.
 
 
 4
 As a third claim defendant Clark argues that the district court erred in denying Clark's motion to suppress certain evidence found in the trunk of a car in which he had been a passenger at the time of his arrest. Clark had earlier raised a similar motion before a Maryland trial court in which he was prosecuted on the same evidence for violations of state law. The state court suppressed the evidence found on Clark's person but denied Clark's motion to suppress evidence found in the trunk, finding that Clark had no standing to challenge that search. When Clark raised a similar motion in federal court prior to trial the district judge denied the motion on principles of collateral estoppel.
 
 
 5
 Later, during the trial, the government presented before the jury evidence discovered during the searches of Clark's person and the automobile. When the government moved to admit exhibits from these searches into evidence Clark objected. Thereupon, the district judge allowed Clark's counsel to argue on the record for suppression. This hearing was held out of the presence of the jury. After considering these arguments and the testimony earlier presented, the district judge overruled Clark's objections and admitted the evidence.
 
 
 6
 We find that the district judge properly admitted the evidence. While we may not agree with his application of collateral estoppel, since the state court's ruling was not essential to the final judgment of acquittal and not subject to appellate review, C. Wright, Law of Federal Courts, Sec. 100A. (4th ed. 1983), that question is moot because the court later during trial reviewed defense counsel's claim for suppression and, after consideration of all the facts and circumstances ruled against the claim. In so ruling the district court found that probable cause existed for the search of Clark's person and for the search of the automobile. Therefore, he held the evidence admissible. We agree.
 
 
 7
 As a fourth claim, defendants Kennedy and Howard allege that the district court erred in admitting into evidence the record of their arrests as well as items seized during a search of a car driven by Howard, both of which occurred after an officer stopped the car for what the officer believed to be a traffic violation. The district court found that the officer's observation of a lane change by Howard without his use of a turn signal created the basis for an investigative stop sanctioned in United States v. Terry, 392 U.S. 1 (1968), and admitted the material seized and the fact of their arrests into evidence. We perceive no error in the ruling.
 
 
 8
 The defendants next assert that the district court erred in not declaring a mistrial because the government failed to provide the defendants with the four-page statement of a key government witness until the day of defense counsel's cross-examination of that witness, which was six days after the trial began. They allege that the new information vitiated their earlier defense strategy and hence, rendered the defense counsel's assistance to the defendants ineffective. We are not persuaded by their argument. The government's disclosure of the Jencks material complied to the letter with the requirements of the Jencks Act, 18 U.S.C. Sec. 3500 (1982) and conforms to this court's interpretation of the Act given in United States v. Holms, 722 F.2d 37 (4th Cir.1983). The Act required nothing more than that the defendants be given time to incorporate information gleaned from the written statement of the government witness into their cross-examination of that witness. The government's disclosure of the four-page document was timely and does not provide a basis for a mistrial.
 
 
 9
 The sixth claim, made solely by Kane, is that a mistrial should have been granted when a government witness' testimony implied that Kane's attorney had earlier represented Howard in an unrelated proceeding and had instructed the witness to commit perjury in that earlier proceeding. The offending attorney was identified as a Mr. Rosenberg. Kane's counsel at trial was named Rosenberg, but there was no testimony that Rosenberg had been Howard's attorney in any earlier prosecution. Kane argues that the witness' testimony made Kane's lawyer a necessary witness in order to deny the purely collateral issue whether he had represented Howard, Kane's co-defendant, at an earlier trial. He contends that his attorney could not effectively cross-examine the witness for fear of associating himself with Howard, and that the jury likely inferred from the testimony that Kane and Howard associated together since they apparently employed the same counsel on different occasions. Again, we do not find the claim to warrant reversal. The judge issued a cautionary instruction sufficient to lessen any possible prejudice and the jury certainly had before it ample evidence of an association between the co-defendants so that any prejudice to the defendants was insignificant.
 
 
 10
 The seventh claim raised by the defendants is that the trial judge's conduct was improper and prejudicial because he unfairly influenced the jury by his demeanor toward defense counsel, because he pressured the litigants to expedite the proceedings and because he unfairly restricted the defendants' cross-examination of witnesses. They also decry the government's closing remarks as containing statements of fact not in evidence. Given the difficulties accompanying a consolidated trial of complex issues, we find the trial judge's conduct neither prejudicial nor unreasonable under the circumstances. Also, the government's statements were not improper since they fairly summarized the evidence.
 
 
 11
 The remaining claims concerning the court's decision to deny severance, the sufficiency of the evidence against Parks and Purnell, and the search of Kane's residence are clearly without merit. Accordingly, we affirm the judgments of convictions.
 
 
 12
 AFFIRMED.