811 F.2d 1505
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas Creighton SHRADER, Plaintiff-Appellant,
v.
STATE SUPREME COURT FOR the STATE OF WEST VIRGINIA THROUGH
EACH OF the FIVE JUSTICES, Defendants-Appellees.
 No. 86-7694.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 11, 1986.
Decided Feb. 5, 1987.
 
 Before WIDENER, HALL and PHILLIPS, Circuit Judges.
 Thomas C. Shrader, appellant pro se.
 Paul Richard Hull, Senior Assistant Attorney General, for appellees.
 PER CURIAM:
 
 
 1
 Thomas Shrader, a West Virginia inmate, appeals the district court's dismissal of his complaint brought pursuant to 42 U.S.C. Sec. 1983. Shrader asserts that his constitutional rights were violated by the justices of the West Virginia Supreme Court. Specifically, he asserts that the justices failed to correctly apply the state's laws to Shrader's challenge to his indictment. The district court, upon recommendation by the magistrate, determined that Shrader's claims were without merit and that the defendants were immune from liability and dismissed the suit. We affirm.
 
 
 2
 As a general rule, judges are provided absolute immunity for judicial acts which are within their realm of authority. Stump v. Sparkman, 435 U.S. 349 (1978). The actions complained of by Shrader all were actions taken by the West Virginia justices in their judicial capacities within the realm of their authority; thus the justices are entitled to absolute immunity. However, judicial immunity is limited to monetary damages. Declaratory and injunctive relief are still possible remedies. Pulliam v. Allen, 466 U.S. 522 (1984). Shrader also requests injunctive relief, and the defendants are not immune as to that portion of his suit.
 
 
 3
 Nevertheless, Shrader's claim was correctly dismissed by the district court. Shrader essentially seeks review by the federal district court of the handling of his case by the state courts. The proper method of challenging rulings or actions by the state court is, however, by appeal within the state system, and ultimately by petition to the United States Supreme Court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983). See also Ganey v. Barefoot, 749 F.2d 1124, 1127 (4th Cir.1984), cert. denied, --- U.S. ----, 53 U.S.L.W. 3882 (June 17, 1985). The civil rights statutes do not afford the lower federal courts jurisdiction "over challenges to state-court decisions in particular cases even if those challenges allege that the state court's action was unconstitutional." Feldman, supra, at 486.
 
 
 4
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment of the district court.
 
 
 5
 AFFIRMED.