811 F.2d 1505
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Edward J. PETROS, Plaintiff-Appellant,
and
Dorothy L. Petros; Tire Sales, Inc.; Ed's Tire Service, Plaintiffs,
v.
WHEELING DOLLAR SAVINGS AND TRUST COMPANY; Robert S.
Hazlett, Officer; George S. Hazlett, Officer;
David E. Petros; Oasis Tire Service;
Defendants-Appellees.
 No. 86-2083.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 31, 1986.
Decided Feb. 5, 1987.
 
 Before HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Edward J. Petros, appellant pro se.
 Henry Brann Altmeyer, Phillips, Gardill, Kaiser, Boos & Hartley; Thomas McK. Hazlett, for appellees.
 PER CURIAM:
 
 
 1
 This is an appeal from the district court's dismissal, without prejudice, of the plaintiffs' suit. We dismiss for lack of appellate jurisdiction.
 
 
 2
 On 19 May 1986 the district judge entered an order dismissing the suit for failure to state a claim upon which relief can be granted and for lack of jurisdiction for failure to demonstrate diversity of citizenship. On 28 May 1986 the plaintiffs filed a motion for reconsideration. On 3 June 1986 the plaintiffs filed a paperwriting which stated in part that "[a]s of this date I must take this case into Court of Appeals [sic]." The district court docket sheet reflects that the district court properly treated this document as a notice of appeal. On 16 June 1986 the district court denied the motion to reconsider. No new notice of appeal was filed after this date.
 
 
 3
 We must dismiss this appeal due to our lack of jurisdiction. If a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment, it should be treated as a motion under Fed.R.Civ.P. 59, however it is labeled. Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978). The plaintiffs' motion for reconsideration was, therefore, a timely Rule 59 motion.
 
 
 4
 When the plaintiffs filed a notice of appeal, the district court had not disposed of the motion for reconsideration. Under Fed.R.App.P. 4(a)(4), a notice of appeal filed before disposition of the Rule 59 motion "shall have no effect." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982). "[I]t is as if no notice of appeal were filed at all," so that if appellate jurisdiction is to be preserved, a new notice of appeal must be filed. Griggs, 459 U.S. at 61. This court lacks jurisdiction over this appeal.
 
 
 5
 In light of our disposition of dismissal for lack of appellate jurisdiction, we dismiss all pending motions filed in this Court. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and dismiss the appeal.
 
 
 6
 DISMISSED.